| 84 | 151 |
| 98 | 501 |
| 84 | 151 |
| 48a | 401 |

JONES v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Railroad:** EMBANKMENT: WATER. In the absence of negligence, unskilfulness or mismanagement in the construction of an embankment for its roadbed over land through which there is no natural channel for the passage of water, a railroad, having lawful authority to construct such roadbed, is not liable for the injury done by the

embankment in causing water to overflow land of an adjoining proprietor.

*Appeal from Butler Circuit Court.*—Hon. R. P. Owen, Judge.

Reversed.

*Bennett Pike* for appellant.

(1) The trial court committed error in refusing the demurrer to the evidence as asked by defendant. *Clark's adm'r v. R. R.*, 36 Mo. 202; *Brainard v. Clapp*, 10 Cush. 6. (2) The instruction given for plaintiff was erroneous. *Clark's adm'r v. R. R.*, *supra*. The instruction was also erroneous in its declaration as to the measure of damages in the event of recovery. Interest is not recoverable in a case of this kind. *Wade v. R. R.*, 78 Mo. 365; *Kenny v. R. R.*, 63 Mo. 99. (3) The court erred in refusing to give instruction number two, asked by defendant. *McCormick v. R. R.*, 57 Mo. 438. (4) The court, under the authorities above cited, also erred in refusing instructions numbers three and four, as asked by defendant.

*C. D. Yancey* for respondent.

(1) The *remittitur* of interest before judgment was entered obviates any objection in that regard. *Weston, etc., v. Kubben*, 48 Mo. 37; *Wade v. Railroad*, 78 Mo. 362. (2) It was the duty of defendant to open ditches or drains through its embankment so as to afford egress for the water it had caused to flow upon plaintiff's culti-vated land. Sec. 810, R. S., 1879. *McCormick v. Rail-road*, 57 Mo. 433; *Illinois Central Ry. Co. v. Grabill*, 50 Ill. 341; *Bradley v. Railroad*, 21 Conn. 294; *Waffle v. Railroad*, 58 Barbour 413; *Kaufman v. Griesemer*, 26 Pa. St. 407. The attempt to justify the wrong by urging the chartered privileges of defendant is fully and clearly explained by the rules laid down in *McCormick*

*v. Kansas City, St. Joe & Council Bluffs Ry. Co.*, and *Bradley v. New York & New Haven Ry. Co.*, before cited. A railroad company must so use its own property as not to injure another. 50 Ill. 341, *supra*.

NORTON, J.—This is an action for damages in which plaintiff recovered judgment, from which the defendant appeals and assigns for error the action of the court in refusing to instruct the jury that on the pleadings and evidence plaintiff was not entitled to recover. The cause of action stated in the petition is, in substance, that the railroad of defendant was constructed through plaintiff's land in Wayne county, in a northerly and southerly direction, leaving a portion of his land, about fifteen acres along Black river on the west, and twenty acres of cultivated land on the east side of the roadbed. That said roadbed was originally built across said land upon a solid embankment several feet high, making a dam against the high water from Black river, that in 1876, some years after the said construction of the roadbed at said point, the said embankment was washed out by high water from Black river, by which the water was admitted on the land of plaintiff. That defendant, in rebuilding said roadbed at the point where the same was broken, put in trestle work for the space of one hundred and fifty feet, through which the high water from Black river overflows on plaintiff's land, and spreads over plaintiff's land on the east, and renders fifteen acres of the same valueless.

The answer of defendant, in substance, was a special denial and a special plea of a right to construct its railway through said county of Wayne, and the construction of said railroad through said county and over the land of plaintiff therein, by virtue of the acquisition of a right of way, duly granted by the owner of said land in a proper manner, and the rebuilding of a portion of the same in 1876, and the putting in of a trestle in the place of an embankment for the space of one hundred and fifty feet, in a proper manner, and as the result of a change

being necessary, in order to protect its roadbed against destruction by the recurrence of extraordinary high water in Black river, which runs along the roadbed some distance to the west.

The testimony of the plaintiff was to the effect that, whenever Black river overflows, the water runs through the trestle to the east and overflows plaintiff's land, and runs down into a low piece of ground about three hundred yards below the trestle, where, on account of the embankment of the railroad it cannot flow back to Black river, but spreads out over about fifteen acres of plaintiff's land, rendering it useless for cultivation. The testimony of defendant's civil engineer, Bartlett, showed that the railroad was built through plaintiff's land in 1872 and 1873, upon an embankment several feet high, and that in 1876, in consequence of a great rise in Black river, the embankment was washed out, and that in rebuilding it, it became necessary to put in trestle work in place of the embankment, as no embankment, such as they could build there, could withstand the high water. That the putting in the trestle did not affect the natural flow of the high water from Black river over plaintiff's land; that the natural tendency of the overflow from Black river was over plaintiff's land, and through the sloughs on said land into Cypress Lake, a body of water east of the roadbed. It was admitted by plaintiff that defendant had obtained the right of way over plaintiff's land to construct its railway.

There is no negligence alleged by plaintiff in the construction of the trestle. The only claim made is for damages to plaintiff's land by reason of the defendant railway building and constructing a trestle in 1876, for the space of one hundred and fifty feet, in place of the embankment that was washed out, by means of which it is claimed the high water from Black river passed through said trestle and overflowed and stood upon plaintiff's land, in consequence of there being no opening made three hundred yards distant from and

below the trestle. The uncontradicted evidence of defendant's civil engineer shows the necessity of the change in the reconstruction of the roadbed of defendant at the point of the washout. The whole evidence shows that there was no interference with a running stream, no damming up of any water, *running or surface* water, by the construction of the trestle. The high water from Black river simply ran through the trestle onto plaintiff's land, just *where*, and as it would have run without any railroad bed there; but the real ground upon which a recovery is claimed, under the vague allegations of the petition, is the failure to make an opening or passage way through the embankment of the roadbed, for draining off the surplus water from Black river, that is alleged to have accumulated on the *east side* of the railroad.

Under the pleadings and facts above disclosed by the evidence on the trial, we are of the opinion that the court erred in refusing to instruct, as requested by defendant, that plaintiff was not entitled to recover. In the case of *Clark's adm'r v. H. & St. Jo. Ry. Co.*, 36 Mo. 202, it was held, that, in the absence of any negligence, unskilfulness or mismanagement in the construction of the embankment for the bed of a railroad over land, through which there was no natural channel for the passage of water, the injury done by such embankment in causing the water to overflow the land of the adjoining proprietors, must be considered as the natural consequence of what the corporation had acquired the lawful right to do by a condemnation of the land and the assessment of damages therefor, and such damages must be taken to have been included in the compensation assessed, or it was *damnum absque injuria*.

The doctrine of this case has been fully approved in the case of *Abbott v. K. C., St. Jo. & C. B. Ry. Co.*, 83 Mo. 271, where the question involved in this record was exhaustively considered in an opinion rendered by Judge Ray, in which the ruling made in the case of *McCormick*

*v. K. C., St. Jo. & C. B. Ry. Co.* 70 Mo. 359, which is the same case reported in 57 Mo. 443, to which we have been cited by plaintiff's counsel as sustaining his right to recovery, was overruled, in so far as it came in conflict with the ruling in the case of *Clark's adm'r v. H. & St. Jo. Ry. Co., supra.* The case of Abbott, *supra,* is decisive of this case. Judgment reversed; all concur.