MOSS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**1. Railroads:** EMBANKMENT: OBSTRUCTION OF SURFACE WATER: DAMAGES. Where a railroad company condemns land for its right of way by proper methods, and without negligence, unskilfulness, or mismanagement, constructs its road, and the embankment therefor, obstructing no natural channel of water thereby, the injuries done by such embankment, by causing water to flow over the land of adjoining proprietors, will be regarded as the natural incidents and consequences of that which the corporation, by reason of condemning the land, had acquired the lawful right to do. For such

injuries no action will lie, damages for them being assumed to be included in those already assessed.

2. **Railroad, RIGHT TO CHANGE ROAD BED.** The right of a railway company, after having constructed its road bed, to make such changes in it as experience may designate as proper, is, of necessity, a continuous one.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*Bennett Pike* for appellant.

(1) Defendant's instruction, numbered one, at the close of the whole case, in the nature of a demurrer to the evidence, should have been given. "In the absence of any negligence, unskilfulness, or mismanagement in the construction of any embankment for the bed of a railroad over land, through which there was no natural channel for the passage of water, the injuries done by said embankment by causing the water to overflow the land of the adjoining proprietors, must be considered as the natural consequence of what the corporation had acquired a lawful right to do, by the condemnation of the land, and the assessment of damages therefor, and such damages must be taken to have been included in the compensation assessed, or it was *damnum absque injuria.*" *Clark's Adm'r v. Railroad*, 36 Mo. 202; *Brainard v. Clapp*, 10 Cush. 6. (2) The court erred in refusing to give instruction numbered two, asked by defendant. *McCormick v. Railroad*, 57 Mo. 438. (3) The refusal to give instruction numbered three, asked by defendant, was error. See authorities cited under first head. (4) Instruction numbered four, asked by defendant, correctly declared the rule of damages in the event of a recovery, and should have been given. Its refusal was, therefore, error. (5) The modifying of said instruction, numbered four, asked by defendant, by the court,

and giving it, as modified, to the jury, was erroneous. *DeSteiger v. The Railway Company*, 73 Mo. 33.

C. D. Yancey for respondent.

The giving of the declarations complained of were harmless errors, from which the defendant received no injury, and affords no just cause of complaint. *Wade v. Mo. Pac. Ry.*, 78 Mo. 362. Defendant, by its answer, attempts to justify the wrong, and urges its chartered privileges. It is conceded it has the right to make any desired alteration, or improvement, on its right of way; but the maxim, "use your own property so as not to injure another," applies to railroad companies, as well as to individuals. *Illinois Central Railroad Co. v. Grabill*, 50 Ill. 341. It was the duty of the company to open ditches, or drains, through its embankment by which the water accumulated on plaintiff's land might freely pass off. R. S., sec. 810. And it had no right to so erect its trestle work, and embankment, as to overflow plaintiff's cultivated lands, and leave the water standing thereon, without means of egress, and then claim exoneration because of its chartered privileges. Its charter confers no such right. *Bradley v. Railroad*, 21 Conn. 294; *Waffle v. Railroad*, 58 Barb. 413; *Kaufman v. Griesemer*, 26 Pa. St. 407; *McCormick v. Railroad*, 57 Mo. 433. The judgment should be affirmed, with ten per cent. damages. R. S., sec. 3777.

SHERWOOD, J.—This is an action for damages instituted by plaintiff, based upon a change made in its road bed at a certain point, by substituting trestle-work in the place of an embankment, when the latter washed away in 1876, for the space of about one hundred and fifty feet in length. Damages were claimed, because, at a high stage of water in Black river, the water of that stream ran through the opening in the roadway made by the substitution of the

trestle-work for the embankment, and there being no culvert or opening, lower down in the embankment, for the egress of the water thus running through the trestle-work opening, it so accumulated as to form a large pond on plaintiff's land, rendering about six acres of it unfit for cultivation.

Where a railroad company, as in the case at bar, condemns land by the appropriate method for that purpose, and then, without negligence, unskilfulness, or mismanagement, constructs its road and the embankment therefor, obstructing thereby no natural channel of water, the injuries done by such embankment by causing water to flow over the land of adjoining proprietors, will be regarded as but the natural incidents and consequences of that which the corporation, by reason of condemning the land, and paying the damages assessed, had acquired a lawful right to do; and for which injuries no action will lie, damages for them being assumed to be included in those already assessed. And the right of a railway company, after having constructed its road bed, to make such changes therein as experience may designate as proper, is of necessity, a continuous one; for the idea is not to be tolerated that the company, having bought and paid for a right, should be denied the fullest and freest exercise thereof. These views, in substance, have found recent expression in the decisions of this court. *Jones v. Railroad*, 84 Mo. 151; and *Abbott v. Railroad*, 83 Mo. 271. Therefore, judgment reversed. All concur.