Lucy E. Field et al., Administrators, Respondents, v. The Chicago, Rock Island & Pacific Railway Company, Appellant.

Kansas City Court of Appeals, April 19, 1886.

1.  Railroads—Maintaining of Ditches and Drains—Construction of Section 810, Revised Statutes.—Section 810, Revised Statutes, does not require the construction, in any case, of ditches or drains *in or through* the road-bed of a railroad ; it requires it, in certain cases, along *each side* of the road-bed of its railroad, but in no case *except* for the purpose of connecting the same "with ditches, drains or water-courses, so as to afford sufficient outlet to drain and carry off the water along such railroad, whenever the draining of such water has been obstructed or rendered necessary by the construction of such railroad." Where there are no ditches, etc., with which to connect ditches, etc., that might be constructed along the sides of the railroad, the railroad company is not required, by the statute, to construct them.

2.  Practice—Agreed Statement—How Treated—Case Adjudged. The agreed statement, in this case, is to be treated as a special verdict, and the statement, not averring that there were ditches, etc., with which might have been connected ditches and drains along the sides of the road-bed of defendant's railroad, had the defendant constructed the same, did not contain every fact essential to the recovery by the plaintiff on the cause of action alleged in the petition ; and was fatal to his right of recovery.

3.  Damages—Surface Water.—The doctrine of the common law, with reference to surface water, is in force in this state.  *Abbott v. Railroad*, 83 Mo. 286.

APPEAL from Platte Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This suit was brought by the deceased, Geo. W. Field, to recover damages for the destruction of a growing crop of corn on his land. Said deceased had judgment in the circuit court, from which the defendant appealed to the supreme court. The judgment was reversed and the cause remanded, for the reason that the petition did not state a cause of action. *Field v. Railroad Co.*, 76 Mo. 615. An amended petition was filed by the deceased, a judgment again had by him, and appeal taken to this court by the defendant. Since the appeal was taken the death of the deceased has occurred and the suit has, by stipulation, been revived in the names of his administrators.

The averments of the petition, material as to this report, are as follows: "Plaintiff states that defendant's railroad bed over and through plaintiff's land, aforesaid, having been raised above the surface of plaintiff's land, the defendant wrongfully failed to make and keep open suitable ditches and drains along the side of its road-bed to connect with ditches and drains or water-courses, and to make and keep open culverts, so as to afford sufficient outlet to drain and convey off the surface water which had collected along the sides of defendant's road-bed, and the flow of which had thereby been obstructed, and, in consequence of the negligent and wrongful conduct of defendant in so failing to make and keep open said ditches and culverts along the sides of its road-bed where it runs through plaintiff's land, as aforesaid, the surface water accumulated thereat, and was dammed up by reason thereof, and caused to flow back and over the land aforesaid of plain-

tiff, in the year A. D. 1877, and destroyed his growing crop of corn, to his damage.''

The case was submitted to the court without the intervention of a jury upon the following agreed statement of facts : . "It is hereby agreed that this case may be submitted to the court upon the following statement of facts ; but this agreement shall not be taken as an admission of any of such facts in any other case that may hereafter be brought by or between said parties.

"The railroad mentioned in the petition was constructed upon plaintiff's land, in the year 1871, by the Chicago and Southwestern Railway Company, it having obtained the right of way over plaintiff's land by condemnation ; that, in constructing said railway, said Chicago and Southwestern Railway Company raised an embankment on and across said land, without putting therein any ditches or drains or other escape in, along, or through its said road-bed, whereby the flow of surface water was obstructed and cast back upon his land ; that in the year 1877 said surface water, so cast back and obstructed by said embankment, and for want of such ditches, drains and culverts, damaged plaintiff's crops growing on his land, adjoining said railroad, to the extent of two hundred and fifty dollars ; that soon after said railway was constructed the defendant took possession of it under a parol lease from said Chicago and Southwestern Railway Company, and was in possession of, and operating said railway under said lease at the time plaintiff's crops were damaged, as aforesaid ; and during all the time said defendant operated said railroad, no change or alteration was made in said embankment, and no ditches, drains or culverts were put therein.''

M. A. Low, for the appellant.

I.   Treating the agreed statement as in the nature of a special verdict, it wholly fails to support the charge that defendant constructed the embankment.   A petition for a negligent injury should state the fact and manner

of negligence, and the recovery must be founded upon and confined to facts so stated. *Waldhier v. Railroad,* 71 Mo. 514; *Edens v. Railroad,* 72 Mo. 212; *Bullene v. Smith,* 73 Mo. 151; *Field v. Railroad,* 76 Mo. 114; *Munkers v. Railroad,* 60 Mo. 334.

II. To charge a tenant with damages on account of a nuisance erected by his lessor, plaintiff must allege and prove that the tenant had notice of the nuisance. And that notice must come from the person injured, and must be in the nature of a complaint against the continuance of the nuisance. *Laumier v. Francis,* 23 Mo. 184; *Dickson v. Railroad,* 71 Mo. 575; *Vanderwiele v. Taylor,* 65 N. Y. 341; *Slight v. Gutzlaff,* 35 Wis. 675; *Dodge v. Stacy,* 39 Vt. 558; *Hickenstein's Appeal,* 70 Pa. St. 102.

III. There is nothing in the agreed statement sustaining the charge of *negligence.* The mere obstruction of surface water in the erection of a lawful improvement on land is not actionable. *Abbott v. Railroad,* 83 Mo. 286; *Benson v. Railroad,* 78 Mo. 504; *Railroad v. Stevens,* 73 Ind. 278; *Waters v. Bay View,* 61 Wis. 642; *Barkley v. Wilcox,* 86 N. Y. 140.

IV. Limitation had run against the cause of action stated in the amended petition, if it stated a cause of aciion. The particular damage complained of was sustained more than five years before the filing of the amended petition. *Ashby v. White,* 2 Ld. Raymond, 938; *Powers v. Council Bluffs,* 57 Iowa 51; *Embry v. Owen,* 6 Exch. 453.

ANDERSON & CARMACK and JAS. W. COBURN, for the respondent.

I. There was no new or different cause of action in the amended petition and the statute of limitation is no bar. *Lottman v. Barnett,* 62 Mo. 159; *Crockett v. Transfer Co.,* 52 Mo. 457.

II. A party in whose control a railroad is placed with power to continue its use, is equally liable with the

original owner for a nuisance arising from the manner of its construction. *Tate v. Railroad*, 64 Mo. 149. And a company "operating" a railroad is as much bound to construct trenches, etc., for the escape of the water, as was the original constructor. Sect. 810, 824, 825, Rev. Stat.

III. Notice of the nuisance to appellant was not necessary. In any event notice was presumed since defendant had possession of the railroad from shortly after the building of it (in 1871) to the time of damage (in 1877). *Bonine v. City of Richmond*, 75 Mo. 437; *Smith v. St. Joseph*, 45 Mo. 450-569.

IV. The agreed statement shows negligence in this, that neither it nor its lessor had made any trenches, ditches or drains. Sections 810, 824, 825, Rev. Stat.; *Field v. Ry. Co.*, 76 Mo. 614. And defendant is liable for all damages resulting from its failure to construct ditches, etc. *Abbott v. Railroad*, 83 Mo. 296; *Benson v. Railroad*, 78 Mo. 512.

M. A. Low, for the appellant in reply.

I. As originally instituted, this was not an action on the statute relating to the construction of ditches and drains, and it was so held by the supreme court. *Field v. Railroad*, 76 Mo. 614. It is *now* an action under the statute and *is barred*.

II. The statute created a new right and provided a remedy; that remedy is *exclusive*. *Lindell's Adm'r v. Railroad*, 36 Mo. 544; *State v. Bittinger*, 55 Mo. 596. The agreed facts do not bring the case within the statute.

ELLISON, J.—The agreed statement of facts is to be treated as a special verdict. The only question which we deem it necessary for us to consider is, whether that statement is sufficient to support the judgment rendered in this case. The amended petition is based upon section 810, Revised Statutes. That section is as follows: "It shall be the duty of every corporation, company or

person owning or operating any railroad or branch thereof
in this state, and of any corporation, company or person
constructing any railroad in this state, within three
months after the completion of the same, to cause to be
constructed and maintained suitable ditches and drains
along each side of the road bed of such railroad, to con-
nect with ditches, drains or water courses, so as to afford
sufficient outlet to drain and carry off the water along
such railroad, whenever the draining of such water had
been obstructed or rendered necessary by the construc-
tion of such railroad ;   *   *   *."

The doctrine of the common law, with reference to
surface water, is in force in this state. *Abbott v. Ry. Co.*,
83 Mo. 286. Under the petition and the agreed state-
ment of facts the right of the plaintiff to recover is made
to depend upon the above act.

The said act does not require the construction, in
any case, of ditches or drains in or through the road bed
of a railroad. *Abbott v. Ry. Co., supra.* It requires the
construction of ditches or drains by a railroad company,
in certain cases, along each side of the road bed of its
railroad. But in no case is the construction of such
ditches or drains required, except for the purpose of con-
necting the same·"with ditches, drains or water courses,
so as to afford sufficient outlet to drain and carry off the
water along such railroad, whenever the draining of such
water has been obstructed or rendered necessary by the
construction of such railroad."

Where there are no ditches, drains or water courses,
with which to connect ditches and drains that might be
connected along the sides of the road bed of the railroad,
the railroad company is not required by the statute to
construct them.

The agreed statement of facts is to be treated as a
special verdict, as we have already said. The said state-
ment should have, therefore, averred every fact essential
to the recovery by the plaintiff on the cause of action
alleged in the petition. The petition, being based upon

the above statute, the agreed statement of facts should have averred that there were ditches, drains or water courses with which might have been connected ditches and drains along the sides of the road bed of defendant's railroad, had the defendant constructed the same. The failure of said statement to contain said averment was fatal to the plaintiff's right to recover, and the judgment should have been for the defendant upon the said statement.

The judgment is reversed and the cause is remanded for a new trial, in order that there may be a finding as to whether there were such water courses, ditches or drains. *Gage v. Gates*, 62 Mo. 416 ; sect. 776, Rev. Stat.; Laws 1885, p. 219. All concur.