THOMAS BURKE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 20, 1888.

1. SURFACE WATER—LAW CONCERNING IN FORCE IN THIS STATE.—The rule of the common law with reference to surface water is in force in this state. Under that rule, generally speaking, surface water is a common enemy, which the proprietor of land may repel without being responsible for damages caused by so doing. (*Abbott v. Railroad*, 83 Mo. 272; *Schneider v. Railroad, ante*, p. 68).

2. ——— RIGHTS OF OWNER OF LOWER GROUND CONCERNING.—The right of the owner of lower ground to repel and fight surface water is not impaired by the wrong of others in precipitating it against his ground. Whatever he would have had the right to do had the surface water naturally flowed on to his land, as it was caused by man to do, he has the right to do; he owes no duty to such water.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Reversed.*

The case is stated in the opinion.

ADAMS & BOWLES, for the appellant.

I. The court erred in sustaining the plaintiff's
motion to strike out all of the special defences set up in
the amended answer, and in striking out and not allow-
ing defendant to plead the same. *Stewart v. City of
Clinton*, 79 Mo. 611; *Heth v. City of Fond du Lac*, 63
Wis. 228; *Waters v. Village of Bay View*, 61 Wis.
642.

II. The court erred in giving the plaintiff's first
instruction. In it the jury were told that if the Chicago
& Alton Railroad caused an accumulation of surface
water south of its tracks, and turned the same on to
defendant, and that the defendant, in relieving itself
of such surface water, precipitated the same on to
plaintiff's property, then defendant is liable. This is
not the law. *Abbott v. Railroad*, 83 Mo. 271, and cases
cited; *Benson v. Railroad*, 78 Mo. 512; *Jones v. Rail-
road*, 84 Mo. 151; *Cassiday v. Railroad*, 141 Mass. 178;
*Lessard v. Stram*, 62 Wis. 112; *Hanlan v. Railroad*,
61 Wis. 315.

III. The court erred in giving the plaintiff's second
instruction. In it the jury were told that defendant was
liable if it failed to construct ditches and drains along
the sides of its track to carry off the water. No aver-
ment was made in the petition which authorized any
such issue to be submitted to the jury. *Field v. Rail-
road*, 21 Mo. App. 600.

IV. The plaintiff's instruction as to the measure
of damages is erroneous. *Brown v. Railroad*, 80 Mo.
460; *Stewart v. City of Clinton*, 79 Mo. 612.

V. The court erred in overruling defendant's
instruction in the nature of a demurrer to plaintiff's
evidence; and also in refusing to instruct the jury, as

prayed by defendant at the close of the whole case, to the effect that the verdict should be for defendant.

VI. The common-law rule as to surface water is in force in this state. The instruction given is not in accordance with it. *Abbott v. Railroad*, 83 Mo. 271.

VII. The officers of the City of Kansas had the right to exercise their own judgment and discretion as to the location and construction of drains and culverts and the grading and improving of streets, and the direction in which surface water shall be compelled to flow. The court, therefore, erred in striking out the second defence in its answer. *Heth v. City of Fond Du Lac*, 63 Wis. 228 ; *City of Clinton v. Stewart*, 79 Mo. 603 ; *Waters v. Village of Bay View*, 61 Wis. 642 ; *Lynch v. Mayor*, 76 N. Y. 60 ; *Fryer v. Warne*, 29 Wis. 511 ; *Entrich v. Rechter*, 37 Wis. 226. Mere surface water which is supplied by rains and melted snow, flowing in a hollow or ravine, is not a water-course. *O'Connor v. Railroad*, 52 Wis. 526.

VIII. Recovery can only be had upon the case made by the pleadings. The issues cannot be changed by an instruction. *Glass v. Gelvin*, 80 Mo. 297 ; *Moffitt v. Conklin*, 35 Mo. 453.

GAGE, LADD & SMALL, for the respondent.

I. The portion of defendant's answer which was struck out on motion, constituted no defence to the action ; was unintelligible, and had no necessary reference to the matter in controversy, and was properly struck out.

II. There was no conflict in the evidence regarding the main facts in the case, the accumulation of water on the south side of the Chicago & Alton track, the manner of its escape prior to the building of this culvert, the change occasioned thereby, the knowledge of defendant of the consequences of opening this culvert, and deliberate intention to produce these very consequences, and the court committed no error in as-

suming facts in its instructions. All the facts assumed, and even more, were undisputed and indisputable.

III. The first portion of the instruction told the jury that, under the circumstances, the plaintiff could recover if the defendant, by the exercise of reasonable care, might have prevented the injury ; and the second clause added that if the defendant, by the exercise of reasonable care in constructing other drains to the Lydia avenue sewer, or eastwardly, might have disposed of the water without injury to itself or anybody else ; then it was guilty of negligence in precipitating the water on plaintiff's premises. There was no error in this instruction, except that it was too liberal to the defendant. *Martin v. Benoist*, 20 Mo. App. 262.

IV. Surface water is a common enemy which a property-owner is under no obligation to receive from his neighbor, but which he may entirely ward off from his premises ; he may also permit it to flow from his property on that of his neighbor in the usual and natural way without liability for the consequences. The cases cited by the appellant go no further than this. Some of them hold that even in repelling the flow of surface water from his premises he must exercise reasonable care.

V. " The owner of land upon which there is a pond or reservoir of surface water cannot lawfully discharge it through an artificial channel directly upon the land of another, greatly to his injury, and the fact that such artificial channel does not extend entirely to the other party's land, will not affect the question." *Pettigrew v. Evansville*, 25 Wis. 223 ; Cooley on Torts, 580 ; 2 Dillon on Mun. Corp., secs. 1042 and 1051 ; *Benson v. Railroad*, 78 Mo. 514 ; *Stewart v. City of Clinton*, 79 Mo. 612.

VI, The owner of property upon which surface water has accumulated in a large quantity, who does not purposely construct a channel to convey it upon his neighbor's premises, but who is guilty of negligence in

permitting it to escape, to the injury of his neighbor, is liable therefor. *Martin v. Benoist*, 20 Mo. App. 262.

VII. A municipal corporation has no greater power than natural persons in this respect, except through an exercise of the right of eminent domain. *Pettigrew v. Evansville, supra;* Dillon on Mun. Corp., *supra*. The consent of the city, much less that of the mayor, who had no authority in the premises, could have furnished no justification to the defendant.

VIII. There is no error in the measure of damages. That measure is such sum as "will reasonably compensate" the plaintiff for the injury done to his premises. Every man is entitled to this when injured by the unlawful acts of another.

HALL, J.—This action was to recover damages resulting to plaintiff's property from being flooded. The plaintiff's lots and the houses thereon were situated north of First street, a street in Kansas City, Missouri, extending east and west. Along said street the defendant and the Chicago & Alton Railroad Company had constructed their railroad tracks, the latter company on the south side of the street, the defendant on the north side of the street. This was done in pursuance of authority lawfully conferred upon both railroad companies so to do. The railroad track and embankment constructed by the Chicago & Alton Railroad Company stopped the surface water flowing from the higher ground on the south, caused it to accumulate, and made it flow west several hundred feet, where it found an escape to the Missouri river. Afterward, the City of Kansas raised the grade of Lydia avenue, a street crossing First street at right angles, and built a sewer along said avenue to the Missouri river. Thereby the Chicago & Alton Railroad Company was compelled to raise its tracks four or five feet from Lydia avenue eastward, and that company then put a culvert under its tracks, extending part of the distance across First street to the right of way of the defendant railroad company, which

discharged the water accumulated on the south side of the Chicago & Alton railroad tracks onto the north side thereof, whence it flowed across the defendant's tracks, and along a ditch then at the north side of defendant's tracks for several hundred feet, and thence found its way to the Missouri river. Later the defendant raised its tracks to correspond with those of the Chicago & Alton Railroad Company, and in so doing filled up the ditch before mentioned, and built a continuation of the Chicago & Alton's culvert of the same dimensions, under its own tracks, and entirely across First street, the portion of the culvert built by the Chicago & Alton being one hundred and seventy feet long, and that built by the defendant being thirty-two feet long. The filling up of the ditch by the defendant prevented the flow of the water therein, and the water accumulated and accumulating on the south side of the Chicago & Alton railroad tracks was so discharged through the culvert as to flow over and flood the plaintiff's premises, to his great damage. The ditch mentioned was made in the construction of the defendant's original tracks. The embankment for the new tracks was made of dirt carried from a distance, and this dirt in the course of the work filled the old ditch along the tracks.

Such being the facts in proof the court declared the law as follows :

"The court instructs the jury, that if it appears, from the evidence in the case, that, prior to the construction by defendant of its sewer across the north part of First street, an artificial accumulation of surface water to a large extent had been caused immediately south by the building of the Chicago & Alton Railroad Company's tracks along the south side of said First street, and that the Chicago & Alton Railroad Company had disposed of this accumulation of water by constructing a culvert under its tracks, which emptied into a ditch which then existed along the north part of First street, and which carried off the water without damaging the plaintiff's property, and that, afterwards, the defendant, in con-

structing its railroad along the north part of First street, filled up said ditch and made an extension of the culvert of the Chicago & Alton Railroad Company northward, entirely across First street, and that by means of that the water that was accumulated by the railroad tracks south of First street, was precipitated in large quantities upon the ground north of First street ; and if you believe, from the evidence, that this water and filth, so precipitated by defendant's sewer in large quantities upon the open ground north of First street, ran over and upon the premises of the plaintiff, and damaged the same, then the jury will find for the plaintiff such sum as they may believe, from the evidence, his said premises have suffered from the cause aforesaid ; provided, if the jury further believe, from the evidence, that the defendant might, by the exercise of reasonable care, have prevented entirely the flow of said water over or across its track, or have provided for the escape of the same, without causing injury to its own property, or the property of others. The jury are instructed that if they believe, from the evidence, that the water which accumulated south of the defendant's tracks could, by the exercise of reasonable care, by the construction of drains, or culverts, upon defendant's right of way, have been drained into the Lydia avenue public sewer, or have been caused to flow eastwardly, so as not to injure or damage the plaintiff's property, and at the same time have protected defendant's property, it was the duty of defendant to so drain such water, and its neglect to do so is negligence, and the defendant is responsible for all the damages to plaintiff, caused by such neglect, and the jury will find for the plaintiff."

" If the jury find for the plaintiff, they will allow him as damages such sum as they may believe, from the evidence, will reasonably compensate him for the injury done to his premises by the water and mud discharged and caused to flow thereon from the defendant's sewer."

I.

The single question in this case is as to the action of the court in giving the instructions given to the jury.

The Chicago & Alton Railroad Company had, by its embankment, accumulated a large quantity of surface water, and by a culvert through the embankment thrown the water against the defendant's roadbed; the question presented is, what was the duty of the defendant as to the water thus accumulated and that which would accumulate in the future? The rule of the common law with reference to surface water is in force in this state. *Abbott v. Railroad,* 83 Mo. 272. Under that rule, generally speaking, surface water is a common enemy which the proprietor of land may repel without being responsible for damages caused by so doing. In *Hoyt v. City of Hudson,* 27 Wis. 656, Dixon, C. J., after stating the rule of the civil law of dominant and servient heritage, which he rejects, thus states the common-law rule as to surface water: "The doctrine of the common law is, that there exists no such natural easement or servitude in favor of the owner of the superior or higher ground or fields as to mere surface water, or such as falls or accumulates by rain or the melting of snow, and that the proprietor of the inferior or lower tenement or estate may, if he choose, ·lawfully obstruct or hinder the natural flow of such water thereon, and in so doing may turn the same back upon, or off onto, or over, the land of other proprietors without liability for injuries ensuing from such obstruction or diversion."

As explained in *Schneider v. Railroad, ante,* p. 68, the difference between the rule of the civil law and the common-law rule as to surface water is based upon the fact, that the former rule recognizes, while the latter rule denies, a natural easement in favor of the owner of the higher land to have the lower land receive the surface water as it naturally flows from the former land onto the latter; and it was also shown that, under neither rule has the owner of land the right to accumulate by artificial means the surface water falling and flowing thereon in a body and discharge it in a stream,

or in greatly increased quantities, onto his neighbor's premises, to the latter's injury.

But under the common-law rule, since the owner of the lower ground may repel surface water which would naturally flow thereon from the higher ground, the owner of such land may repel surface water collected in a body by others on the higher ground and precipitated in increased quantities onto his land. Surface water thus collected and accumulated, and precipitated wrongly onto the lower ground, is still surface water and the right of the owner of such ground to repel and fight it is not impaired by the wrong of others in precipitating it against his ground; whatever the owner of the lower ground would have had the right to do had the surface water naturally flowed onto his land, as it was caused by man to do, he has the right to do. The owner of the lower ground owes no duty to such water; he may fight and repel it; he may permit it to pass through or over his land in the same quantity that it entered thereon.

The surface water in this case was accumulated wholly by others than the defendant, and was by the Chicago & Alton Railroad Company precipitated through the culvert in its embankment against the defendant's right of way. Such water was, as to the defendant, an enemy, of which he did not have to take care, but which he had the right to repel and fight. As to the defendant the water was surface water, pure and simple, because it was surface water cast there by the wrong of others and through no fault of its. In protecting itself the defendant was subject to exactly the same rule that it would have been as to surface water naturally where the water in suit was. The right of the proprietor of land to repel surface water in any given direction does not depend upon the absolute necessity to do so, but is based upon the rule that surface water is a common enemy which the proprietor may repel in any manner he may choose. *Schneider v. Railroad, supra.* Hence the defendant was under no obligation

to maintain the embankment constructed by it as a levee for the protection of the low land on the north side of it, but had the right to construct a water-way in the embankment for the passage of the water, and we can perceive no wrong in the defendant making the water-way of the same dimensions as, and in connecting it with, the culvert built by the Chicago & Alton Railroad Company.

Judgment reversed. All concur.