P. P. COLLIER, Appellant, v. THE CHICAGO & ALTON RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, March 7, 1892.

1. **Flooding Land:** SURFACE WATER: NEGLIGENCE: DAMNUM ABSQUE INJURIA. If a railroad is not negligent in the construction of its roadbed it will not be liable for flooding adjoining land by gathering and deflecting surface water thereon which will be *damnum absque injuria.*

2. **Action:** SURFACE WATER: OBSTRUCTION OF: MAXIM. Surface water is a common enemy, and if a proprietor, in obstructing the flow of water from the land of another, changes its direction, as in general he must, and it then runs off upon the land of a third person, where before it would not run, causing damage, no action will lie therefor, and the maxim, *Sic utere tuo ut alienum non lœdas,* does not apply.

3. **Railroads**: DITCHES AND DRAINS: STATUTE: APPELLATE COURT. Section 2614, Revised Statutes, 1889, requires the construction of ditches and drains along each side of its roadbed only for the purpose· of conecting the same with ditches, drains or water-courses, so as to afford sufficient outlet to drain and carry off the water, and where such matter is fairly submitted to the jury with evidence to warrant such submission the verdict of the jury is conclusive upon the appellate court.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*John M. Barker*, for appellant.

(1) The court erred in sustaining the demurrer to plaintiff's first count, and the evidence in support of same. *Abbott v. Railroad*, 83 Mo. 271, 280, 281; *McCormick v. Railroad*, 57 Mo. 433, 437; *Young v. Commissioners*, 25 N. E. Rep. (Ill.) 689; *Jones v. Hanover*, 53 Mo. 462;· *Benson v. Railroad*, 78 Mo. 504, 512; *Schneider v. Railroad*, 29 Mo. App. 68; *Burke v. Railroad*, 29 Mo. App. 370. The act of the defendant in damming it at the northeast corner of plaintiff's land and on the wrong side of the ditch, was not a mere non-feasance but was ·a mis-feasance. *Martin v. Benoist*, 20 Mo. App. 262. (2) The court erred in refusing to grant the plaintiff's instruction asked on the theory of the common-law count. (3) The court erred in refusing to grant plaintiff's instruction in relation to small lateral ditches dug by consent of defendant. (4) The court erred in giving the defendant's instructions.

*George Robertson*, for respondent.

(1) The court did not err in sustaining a demurrer to the evidence on the first count of the petition. There was no evidence of any negligence or unskilfulness in the construction of defendant's roadbed which caused

any detriment or loss to plaintiff's land or crops. The obstruction of surface water or an alteration in the flow of it affords no cause of action in favor of any person who may suffer loss or detriment therefrom against one who does not act inconsistent with the due exercise of dominion over his own soil. Cooley on Torts [ 2 Ed.] p. 684 ; *Abbott v. Railroad*, 83 Mo. 271 ; *Jones v. Railroad*, 84 Mo. 151 ; *Moss v. Railroad*, 85 Mo. 86 ; *Jones v. Railroad*, 18 Mo. App. 251 ; *Martin v. Benoist*, 20 Mo. App. 262 ; *Schneider v. Railroad*, 29 Mo. App. 68 ; *Burke v. Railroad*, 29 Mo. App. 370. ( 2 ) It follows the doctrine of the citations under point 1, that the court did not err in refusing the plaintiff's instructions based on the common-law count. ( 3 ) An examination of the entire record fails to disclose that plaintiff connected his ditches with the railroad ditch under any license from the defendant. ( 4 ) Defendant's instructions embody a proper construction of section 2614 relating to ditches and drains by railroads and the duties of defendant thereunder, and were all applicable to the facts in evidence under the second count of the petition. The defendant had complied with all that duty required of it under this statute by constructing a suitable ditch along its track from a point west of plaintiff's land to the drain east, near Laddonia. *Field v. Railroad*, 21 Mo. App. 600 ; *Jones v. Railroad, supra.*

SMITH, P. J.—This is a suit to recover damages for the overflow of the plaintiff's lands caused by the backing up of surface water from the defendant's roadbed. The petition contained two counts. The first count charged that defendant in the building and improving of said railroad so negligently built the embankment of earth ( on which their cars run ), and so high without any waterways, sluices, ditches or other means of escape for water, that said roadbed forms a dam for a long distance southwest of plaintiff's said land, so that by reason thereof whenever it rains in considerable and

large quantities the defendant, by its said negligence and want of care, gathers the accumulating and waste water in large quantities upon its own land to the west of plaintiff's land, and by reason of its said embankment, and by a small and insufficient ditch, deflects it and turns it onto plaintiff's lands so as to completely overflow about sixty acres thereof lying next to defendant's railway, all of which could be avoided by reasonable construction of sluices through said embankment and ditches, but all of which the defendant has wrongfully and negligently at all times neglected to do.

The other count was based upon section 2614, Revised Statutes.

A demurrer was sustained to the evidence under the first count, and the case went to the jury under the evidence and instructions on the second count. The verdict and judgment were for the defendant, and the plaintiff appeals.

I. The plaintiff contends that the trial court erred in sustaining the demurrer to the evidence adduced in support of the first count of the petition. There was not a *scintilla* of evidence tending in the remotest degree to show that the defendant was guilty of negligence in the construction of its roadbed ; consequently, under the well-settled law of this state, the injury thereby done to the plaintiff's lands must be considered as the natural and necessary consequence of what the defendant had the right to do under its charter, and the damage was *damnum absque injuria*. *Clark v. Railroad*, 36 Mo. 224 ; *Jones v. Railroad*, 84 Mo. 151 ; *Abbott v. Railroad*, 83 Mo. 271 ; *Moss v. Railroad*, 85 Mo. 86.

There was no error is sustaining the defendant's demurrer. The defendant had the right to construct on its right of way, except where intersected by natural waterways, a solid and continuous roadbed for its track. No one had a right to have the surface water flow across its right of way, but on the contrary it had a perfect

right to prevent the water from doing so. If the declivity of the lands south of defendant's road, and west of that of the plaintiff, was towards the north, and in consequence thereof the surface water at any time on these lands occasioned either by rainfall or melting snows flowed north until it was obstructed by the defendant's roadbed, defendant was not required on that account to construct drains or ditches through its roadbed in order to allow such surface water to continue its onward course north. Such water was a common enemy against which the defendant had the right to protect itself.

In *Pettigrew v. Evansville*, 23 Wis. 236, which has been cited by us with approval in *Schneider v. Railroad*, 29 Mo. App. 68, it was said, "if the proprietor in obstructing the flow or turning away the water which comes from the land of another, changes its direction, as in general he must, and it then runs off upon the land of a third person where before it would not run, and causes damages, no action will lie in favor of such third person for the injury. As to such third person it is *damnum absque injuria*, because the proprietor who obstructs the flow and gives the water a new direction is acting in pursuance of a strict legal right." And this would be no infringement of the maxim, *sic utere tuo ut alienum non lœdas*. These principles have been invoked and applied in several cases in this state like the present. *Field v. Railroad*, 21 Mo. App. 600; *Schneider v. Railroad*, 29 Mo. App., *supra; Burke v. Railroad*, 29 Mo. App. 370; *Abbott v. Railroad*, 83 Mo. 286; *Jones v. Railroad*, 84 Mo. 151; *Moss v. Railroad*, 85 Mo. 86.

II. The statute, section 2614, does not require the construction of ditches or drains by a railroad company along each side of its roadbed, except for the purpose of connecting the same with "ditches or drains, or water courses so as to afford sufficient outlet to drain and carry off the water along such railroad, whenever the

draining of such water has been obstructed or rendered necessary by the construction of the road." In this case it appears that defendant had constructed ditches on the sides of its roadbed beginning near Rush Hill, and from thence extending east along the northern boundary of plaintiff's lands, some two miles or more, until they connected with a natural waterway crossing defendant's roadbed. The question, whether the draining of the water along the defendant's road had been obstructed or rendered necessary by the construction of the road, and whether the defendant had constructed and maintained ditches on the side of its road, connecting with ditches, drains or water-courses, so as to afford sufficient outlet to drain and carry off the water along defendant's road where it passes along the northern boundary of plaintiff's land, were questions fairly submitted to the jury under the plaintiff's instruction and whose finding was in the affirmative. This instruction submitted to the jury the question, whether or not under the evidence the defendant had performed the duty enjoined upon it by the statute. The verdict of the jury in this regard is conclusive upon us. No error is perceived in the action of the court in the giving or refusing instructions. The plaintiff's second instruction was a mere abstraction, and his third was but a repetition of his first which was given. The defendant's instructions were in harmony with the principles which we have briefly stated as applying to the case.

The judgment must, therefore, be affirmed. All concur.