GEORGE F. L. GRAY, Appellant, v. MARTIN SCHRIBER, Respondent.

St. Louis Court of Appeals, May 1, 1894.

1. **Surface Water, Deflection of.** *Held*, in the course of discussion, that at common law the owner of land of less elevation than that of his neighbors is entitled to ward off the discharge of surface water upon his premises, although it is thereby diverted upon the property of another.

2. ———: ———: AGRICULTURAL LANDS. But, under our statutes, an owner is permitted to secure proper drainage for his land for agricultural purposes by constructing drains into any natural depression which carries the water into a natural water course; and, when he does so by constructing such drains upon his own land, the owner of an adjoining tract, through which such depression runs, has not the right to obstruct the depression so as to prevent the drainage.

*Appeal from the Clark Circuit Court.*

REVERSED AND REMANDED *(with directions)*.

*O. S. Callihan* for appellant.

*T. L. & S. J. Montgomery* for respondent.

BOND, J.—The petition in this case states, in substance, that the plaintiff is the owner of forty acres of

land used and occupied solely for agricultural purposes; that the defendant is the owner and in possession of a certain other tract of land, which is also used by him solely for agricultural purposes.

The petition then states, "that both said tracts of land are situated upon the northeastern edge of a prairie that lies between two natural water- courses, both of which run in a southeasterly direction, one along the northeastern side of said prairie, called Sugar creek, and the other along the southwestern side of said prairie, called Honey creek, both of which said water courses empty into the Mississippi river, and that the natural drainage of both of said tracts of land is now and has from time immemorial been into said water course, Sugar creek, through and by the natural depression hereinafter mentioned and described; that the elevation of plaintiff's said tract of land is higher than that of defendant's said tract, and that the natural drainage of all the surface water that falls upon said tract belonging to plaintiff, caused and produced by rains and melting snow, is into the natural depression above referred to, which begins on said tract of plaintiff at the west side thereof, and near the center of the west line of same, and which runs thence due east across said tract, and upon and through said tract belonging to defendant, to a point near the center of same, where it connects with and empties into a branch of said Sugar creek; that said natural depression, where it crosses the east line of plaintiff's said tract and enters upon said tract of defendant, is eight feet lower than it is at said point on plaintiff's land where it begins, and that at said point, near the center of defendant's said tract, where, as aforesaid, it connects with and empties in said branch of Sugar creek, it is thirty feet lower than at said point of beginning.

"Plaintiff states that in the proper, reasonable and

necessary, cultivation of said tract of land belonging to him, he has, in so plowing and cultivating same, made ditches and drains, or water furrows, which follow the natural slope of said tract, on each side of said depression, and drain it into said natural depression, whereby all of the said water that, as foresaid, falls on said tract is carried into said water course called Sugar creek.

"Plaintiff further states that, in 1891, defendant wrongfully built and constructed, and now maintains, a dam across said natural depression on his said tract of land at the point where said depression, as aforesaid, crosses the division line between defendant's said tract of land, and the said tract of plaintiff, which said dam is three hundred feet in length, five feet high, and twenty-five feet wide at the base, and that said dam completely obstructs the flow of the surface water that drains from plaintiff's land into said natural depression, and effectually prevents the proper drainage of same as aforesaid through and along said natural depression, and into the natural water courses aforesaid, into which the said water that, as aforesaid, falls upon plaintiff said tract would be carried through and by said natural depression, if not obstructed and turned back as aforesaid by said dam; that, by reason of the wrongful construction and maintenance of said dam, all of the water that as aforesaid falls and forms upon said tract of plaintiff, and drains into said natural depression, is turned back by said dam and accumulates above it, and has formed a large pond of water wholly on said tract of plaintiff, to the depth of four feet, and which stands and remains upon, covers and renders wholly unfit for cultivation, seven acres of said land.

"Plaintiff states that the quantity of water retained and accumulated in said pond by reason of said dam

will increase each year, and that defendant threatens and intends to build said dam higher each year, as the water in said pond increases in volume, and thus in time the entire surface of said tract will be covered with water, and all of said land rendered valueless to plaintiff, unless defendant is prevented from so doing.

"Plaintiff further states that the wrongful acts of defendant in building and maintaining said dam as aforesaid across said natural depression, and thereby preventing the proper drainage of plaintiff's said land through, into and along, said natural depression, whereby said waters that fall and form upon said land may be carried into said water courses through and by said natural depression, and in turning said waters back upon plaintiff's said land, and flooding and submerging it, as aforesaid, will cause plaintiff continuous and irreparable injury and damage, for which plaintiff can not be fully compensated in an action at law; that plaintiff has no adequate remedy at law, and that defendant is insolvent.

"Wherefore plaintiff prays the court to forever restrain, prohibit and enjoin said defendant, his agents, servants and employees, from building, erecting and maintaining, said dam across the said natural depression at the point where, as aforesaid, it crosses the dividing line between the said tract of defendant and the said tract of plaintiff, or across said natural depression at any other point or place, and to restrain, enjoin and prohibit defendant, his agents, servants or employees, from obstructing in any manner the flow of water from plaintiff's said tract through and along said natural depression, and for all other proper and equitable relief that to the court may seem just in the premises."

To the above petition a demurrer was interposed, on the ground that it did not state facts sufficient to

constitute a cause of action against defendant. This demurrer was sustained by the trial court, and, plaintiff having refused to plead further and electing to stand upon his petition, final judgment was rendered in favor of defendant, from which the present appeal is prosecuted.

The only question presented by this appeal is whether or not plaintiff's petition stated a cause of action.

The rights and duties of landowners as to the surface water flowing over their lands are governed by common law principles. The rule thus established is based upon the maxim of full ownership of the soil, subject to the modification of such a use thereof as will not injure others. It has, therefore, been declared at common law, and adopted in the jurisprudence of this state, that the owner of land lying on a higher plane, has no right to accumulate the surface water upon his estate, and discharge it, in larger quantities than it would naturally flow upon the lands of an adjoining proprietor.

It is equally well settled that the owner of land of less elevation than that of his neighbors is entitled to ward off the discharge of surface water upon his premises, although in so doing it may be diverted upon the property of another. *Abbott v. Railroad*, 83 Mo. 282; *Collier v. Railroad*, 48 Mo. App. 398; *Schneider v. Railroad*, 29 Mo. App. 68; *Hoester v. Hemsath*, 16 Mo. App. 485; *Railroad v. Schneider*, 30 Mo. App. 620.

A water course is "a living stream with defined banks and channel, not necessarily running all the time, but fed from other and more permanent sources than mere surface water." *Jeffers v. Jeffers*, 107 N. Y. 650.

This definition demonstrates that the water flowing over plaintiff's land supplied by rain and melted snow,

although running through a natural depression, is nothing more than surface water. *Jones v. Railroad*, 18 Mo. App. 251; *Railroad v. Schneider, supra.*

If the cause of action stated in this petition depended solely on the common law rule, regulating the rights of adjoining proprietors in the disposition of surface water, we should have no difficulty in affirming the judgment of the lower court; but the case made by the petition is not so restricted. The facts therein stated call for an application of the statutory provisions for draining land for agricultural purposes. The first provision of the statute on this subject is, to wit:

"Sec. 4489. *Land may be drained for agricultural purposes.*—The owner or owners of land in this state shall be permitted to construct drains, for agricultural purposes only, into any natural water course, or any natural depression whereby the water will be carried into any natural water course, for the purpose of securing proper drainage to such land, without being liable in damages therefor to any other person or persons or corporation."

By the terms of the foregoing section the plaintiff has a clear statutory right to discharge the water from his land "into any natural water course or any natural depression, whereby the water will be carried into a natural water course."

Nor is there any provision in the subsequent sections of the statute prescribing any particular proceeding for the exercise of the foregoing statutory privilege, unless it should become necessary to its exercise that the party entitled thereto should construct a drain "across or upon the land of another person or persons." In the event it becomes necessary for the enjoyment of this statutory right that the owner of land should go upon the land of another for the purpose of construct-

ing a drain into a natural water course or natural depression leading into a natural water course, provision is made, upon failure of agreement, for the trial before a justice of the peace of the issue, whether or not the proposed drain would empty into "a natural water course, or natural depression whereby the water would be carried into any natural water course."

The further steps to be taken in such proceeding, when it becomes necessary in enforcement of the statute *supra* are set forth in the subsequent sections. R. S. 1889, chap. 52, art. 2.

According to the case made by plaintiff's petition it does not become necessary for him, in the exercise of the right conferred by the section of the statute giving him the permission to drain his land for agricultural purposes, that such drain should be constructed across or upon any part of defendant's land. It is, therefore, apparent from the language of the remaining sections of the article in question that there is no occasion for the adoption of the method of procedure therein prescribed for ditching and draining over and across the lands of others. Hence it is no answer to the cause of action stated in plaintiff's petition to say that he is not proceeding under the statute giving him the right to drain his land. Nor is it any answer to plaintiff's petition to say that there is another article of the same chapter, unrepealed by the section of the statute *supra*, which regulates the steps to be taken by landowners who desire to drain for agricultural and sanitary purposes, since no section of that article prescribes any method of procedure, except it becomes necessary in proceeding thereunder to construct a drain by "ditching, levying, or cutting across on the land owned by others."

It is therefore wholly immaterial whether article 1 and article 2 of chapter 52 of the Revised Stat-

utes be construed together or as two independent
enactments, since it is apparent from the provisions of
both articles that the legislature has not made it neces-
sary to adopt the machinery prescribed, except the
lands to be drained are so situated that they can not
be drained without entering upon and constructing a
drain over and across the lands of others. According
to the statements of the petition in this case it is wholly
unnecessary for the plaintiff to cross the boundaries of
his own land in draining the water therefrom into the
natural depression existing on his own land, and
emptying into a water course upon the land of defend-
ant.

As the right given to him in this respect is abso-
lute and substantive by the very terms of the statute in
question, and as the statements of the petition negative
the existence of any facts calling for the employment
of the statutory proceedings defined in either of the
articles relating to the subject of draining lands, we do
not think the general demurrer should have been sus-
tained.

The defendant has suggested, *de hors* the record,
that from the relative situation of the lands of plaintiff
and defendant it would be easy for plaintiff to drain
the surface water from his land by ditching in a differ-
ent direction. He has also suggested that there is no
well defined channel along the depression or swale
leading to a water course, but that the water coming
from plaintiff's land spreads over that of defendant
without an opportunity of running continuously to a
water course. The statute contemplates a depression
with a continuous channel to a water course, and, if
the facts are as defendant claims them to be on argu-
ment, he should show them by answer. The plaintiff's
petition, which uses the words of the statute, makes a

*prima facie* case, good against a demurrer, and we do not now pass upon any questions not thus raised.

Our conclusion is that the judgment of the trial court should be reversed, and the cause remanded with directions to overrule the demurrer filed herein, and to require the defendant to plead further. It is so ordered. All concur.