E. S. KENNEY, Respondent, v. KANSAS CITY, PITTS-
BURG & GULF RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, March 9, 1897.

Railroads: OVERFLOW FROM SURFACE WATER: CONSTRUCTION OF STAT-
UTES. Under section 2614 of the statutes, a railroad company is not
required to cut openings under its embankments for the passage of
surface water. The obligations of the statute attach only where the
drainage has been obstructed or rendered necessary by the construc-
tion of the railroad, and then extend only to the construction and
maintenance of suitable side ditches and drains to carry off the
water along its road.

*Appeal from the Newton Circuit Court.*—HON. J. C.
LAMSON, Judge.

REVERSED AND REMANDED; all. of the judges concur-
ring, Judge BIGGS in reversing the judgment, but
not in remanding the cause.

*Trimble & Braley* and *John T. Sturgis* for appel-
lant.

It is not disputed that all the water was surface
water, the flow of which across its right of way the rail-
road company had the right to prevent. *Moss v. R.
R.*, 85 Mo. 86; *Byrne v. R. R.*, 47 Mo. App. 383;
*Field v. R. R.*, 21 *Id.* 600; *Collier v. R. R.*, 48 *Id.* 398.

There was no duty imposed upon defendant with
reference to the artificial ditch, nor was it required to
build its railroad or construct its ditches along the
sides thereof with reference thereto, or to connect
therewith. Gould on Waters, sec. 161.

Instruction number 1, given at the request of
plaintiff, is clearly in violation of the plain provisions

.of the statute, as well as of the decisions construing it. R. S. 1889, sec: 2614, and authorities cited *supra*.

No brief filed for respondent.

BOND, J.—This suit is for injury to crops from an overflow of surface water alleged to have been caused by defendant's failure to comply with section 2614, Revised Statutes, 1889. It was begun before a justice, appealed to the circuit court, where plaintiff had judgment, from which defendant brings it to this court.

Plaintiff was a tenant of a farm lying east and west of that portion of the defendant railroad which runs north and south through Shoal creek valley in Newton county, the creek being on the west side of the roadbed. The lands cultivated by plaintiff sloped gradually towards the creek on the west side of the railway, and contained on the east side a depression leading to the north. An artificial ditch running east and west crossed the railroad track through plaintiff's land. There was evidence tending to prove that the lateral ditches constructed along the defendant's roadbed did not connect with this artificial ditch; also that the surface water repelled by the embankment of the railway floated off and destroyed wheat belonging to plaintiff. According to the surveyor's map the level of the artificial ditch was above that of the land where plaintiff's wheat was injured. It is not disputed that the water which overflowed plaintiff's land was surface water. It is stated in plaintiff's testimony that it flowed from the adjacent hills and higher ground; that it was not carried through any defined bank or channel, nor fed from any permanent source. It is well settled that the water thus collected constituted what is known as surface water. *Gray v. Schriber*, 58 Mo. App. 177;

*(marginal note:)* RAILROADS: overflow from surface water: construction of statutes.

*Byrne v. R'y*, 47 Mo. App. 383. Nor was its character in this respect altered by the fact that it ran through a swale or depression on plaintiff's land. As to surface water, defendant was not required by the statute under which this action was brought to cut any passageways under its tracks. The obligations created by the statute attach only when water drainage has been obstructed or rendered necessary by the construction of the railroad, and then it. extends only to the making and maintenance of suitable lateral ditches and drains to carry "off the water along such railroad." R. S. 1889, sec. 2614; *Collier v. R. R.*, 48 Mo. App. 398; *Field v. R. R.*, 21 Mo. App. 600. The statute necessarily intends that there must be *existing* "ditches, drains and water courses" with which the lateral ditches and drains to be dug by the railroad can be connected. It does not mean that the railroads should transgress their right of way to make such connections, nor that in doing so they should undertake to conduct the water from a lower to a higher level. In other words, the statute only requires such connections as the railroads have the legal right and physical power to make at reasonable expense, the purpose of the statute being to prevent by these methods the obstruction of drainage and waterways on the right of way of railroads in the construction of their roadbeds.

The instructions given for plaintiff by the learned judge did not embody the law as herein announced. Hence they were erroneous, and the judgment will be reversed and the cause remanded. All concur.

BIGGS, J. (*concurring*).—The physical facts prove conclusively that there are no other ditches, drains, or water courses into which the accumulated water could have been drained. I therefore concur in reversing the judgment but not in remanding the cause.