JOHN C. DeLAPP *et al.*, Respondents, v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 9, 1897.

**Railroads:** DAMAGE FROM OVERFLOW OF SURFACE WATER: NEGLIGENCE: PLEADING. In an action for damages against a railroad, for the destruction of plaintiffs' crops, alleged to have been caused by defendant's negligence in failing to comply with section 2614 of the statute, a petition which failed to aver that there were ditches, or drains, or water courses into which the obstructed surface water could have been conveyed by lateral ditches along the sides of defendant's roadbed, was not sufficient under the statute.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, JUDGE.

REVERSED AND REMANDED.

*Trimble & Braley* and *John T. Sturgis* for appellant.

The objection to the introduction of any evidence, for the reason that the petition does not state facts sufficient to constitute a cause of action, should have been sustained. *Collier v. R. R.*, 48 Mo. App. 398; *Field v. R. R.*, 21 *Id.* 600; *Byrne v. R. R.*, 47 *Id.* 383; *Benson v. R. R.*, 78 Mo. 504.

Defendant was not bound to construct chutes and other passageways for carrying off surface water through its track that might accumulate on the sides of its railroad, or on the adjoining land. *Abbott v. R. R.*, 83 Mo. 271; *R. R. v. Keyes*, 55 Kan. 205; *Collier v. R. R., supra.*

No brief filed for respondents.

BLAND, P. J.—This is an overflow case. The petition attempts to impute negligence to the appellant for its alleged failure to comply with section 2614, Revised Statutes 1889, in that it did not construct and keep open ditches upon either side of its roadbed, when the same was constructed through the lands of the respondent, by reason of which failure his lands were overflowed and his growing crops thereon destroyed.

To make out a *prima facie* case of negligence against the appellant, under this section, for failure to construct ditches or drains, it was necessary to aver in the petition, and to prove upon the trial, *first*, that the construction of the roadbed obstructed the natural flow of the surface water; *second*, that there were ditches or drains or natural water courses into which such obstructed surface water could have been conveyed by lateral ditches constructed along the sides of the roadbed; *third*, that the appellant failed to construct such ditches, by reason of which respondent's lands were overflowed by obstructed surface water, and damages ensued. *Field v. R. R.*, 21 Mo. App. 600; *Byrne v. R. R.*, 47 Mo. App. 383. The second requirement was not averred in the petition, or proven by the evidence. The plaintiff failed to either state in his petition, or prove upon the trial, a cause of action under the statute, nor is his petition sufficient to support the verdict for negligence at common law.

RAILROADS: damage from overflow of surface water: negligence: pleading.

As the evidence indicates that he may have a cause of action under the statute the cause is reversed and remanded, that respondent, if he is so advised, may amend his petition.

All concur.