GUSSIE M. GATES, Respondent, v. PERRY P. FULKERSON et al., Appellants.

Kansas City Court of Appeals, January 6, and March 2, 1908.

1. EASEMENT: Lateral Support: Excavating Lot: Right of Owner. A lot owner has the right to remove earth from his own premises adjoining another's lot or building, provided he does so with such ordinary care as to cause no unnecessary damage in so doing.

2. ———: ———: ———: ———: Instructions. Upon notice from the adjoining proprietor of his intention to excavate his land the adjacent owner is under obligation to shore and protect his property, and if he fails to do so it may be shored at his expense. Instructions set out in the opinion are approved.

3. ———: ———: ———: ———: ———: Integrity of Soil. No action arises in favor of the land owner for removing the lateral support until the integrity of his soil is disturbed; and where the evidence tends to show that the sliding of the soil may have resulted from other causes it is a question for the jury. Instructions approved.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED (*with directions*).

*Rusk & Stringfellow* for appellants.

(1) ·Instruction number 2 given for defendants is correct. (a) A lot owner has a legal right to grade his lot for the full width thereof to any depth. 1 Cyc. 777, and cases cited in note 56. (b) There is no legal wrong in making the excavation. (2) This point is demonstrated by the fact held in all the authorities, that the Statute of Limitations begins to run, not from the date of the excavation, but the date of such consequent caving off or tumbling in of the soil as results in depreciation of the market value of the property. Smith v. Seattle, 18 Wash. 484, 51 Pac. 1057; Backhouse v. Bonomi, 9 H. L. Cas. 503; Crumbie v. Wallsend Local Board, 1 Q. B. 503; Roberts v. Reed, 16 East 215. (3) Instruction number 3 is correct. It states the same proposition of law as instruction number 2 and in practically the same language and is proper for the reasons above given, and it was needed in this case under the facts in proof. (4) If the court is right, that.there was no evidence that the house was near enough to affect the situation, still it was wrong in sustaining the motion on that ground, for the reason that the jury in such event ought to have had the house eliminated, and plaintiff could not be harmed by this instruction. The house was much in evidence, and if it was too far away to affect the case, there could be no harm in telling the jury so. One office of instructions is to eliminate from the case extraneous matters which may have crept into the testimony. Newell v. Bolt & Iron Co., 5 Mo. App. 259; Stevens v. Railroad, 96 Mo. 215.

*James Lunbird* and *Henry S. Kelley* for respondent.

(1) Lateral support is an easement, a natural right which adjoining landowners have in each other's lands for the support of their lands respectively in its natural condition. This right is absolute, and the liability of any one who deprives the land of its natural support is unqualified. 1 Cyc. Law and Prac., page 775; note 42, Mo. citations; also, p. 777, note 56, Mo. citations; Charless v. Rankin, 22 Mo. 56; 46 Mo. 161; Obert v. Dunn, 140 Mo. 476; Gerst v. St. Louis, 185 Mo. 191; Williams v. Mo. Furnace Co., 13 Mo. App. 70; 42 Mo. App. 562; 50 Mo. App. 533, 534; 58 Mo. App. 591; 62 Mo. App. 82; 75 Mo. App. 247; Carpenter v. Realty Co., 103 Mo. App. 480. (2) Instructions numbers 2, 3, 4 and 5 given for defendants are not only wrong, but are not the law, and are, as the trial court says, not only "misleading" to an ordinary juror, but are in direct conflict with those given for plaintiff. The defendants did not have a legal right to grade their lot down and remove the lateral support of plaintiff's lot and cause it to crumble and cave off.

BROADDUS, P. J.—The plaintiff, a married woman, for a cause of action alleges that on the 8th day of April, 1902, and prior thereto she was the owner and in possession of lot two (2), block twenty-three (23), in St. Joseph Extension Addition, in the city of St. Joseph, Missouri; that on said day and on divers other days since said date defendants wrongfully, forcibly and against the will of plaintiff cut down, dug up, excavated and removed the earth adjoining to and along, on the south side of said lot to the depth of nine (9) feet, which said earth so removed constituted and was the lateral support of plaintiff's lot; and did then and there wrongfully and against the will of plaintiff remove part of plaintiff's lot thereby undermining and destroying plaintiff's fence standing on the south line of her lot and

thereby compelled its removal. For all of which plaintiff asks damages in the sum of twelve hundred dollars ($1200).

The amended answer of defendants on which the cause was tried after a general denial, set up the further following defense: that about the time mentioned in plaintiff's petition they graded the lot south of plaintiff's lot as they had a right to do under the law. And it was further set up as a defense that the grading was done by an agreement between plaintiff and defendant but as it was not relied upon during the trial it is unnecessary to state it. The cause was tried before a jury and a verdict returned in favor of the defendants which upon plaintiff's motion for a new trial was set aside. It is from the order granting a new trial the defendants appealed. The evidence showed that the defendants graded the lot to the south of plaintiff's lot to the depth of about eight (8) feet, and after which a part of plaintiff's lot fell off.

The grounds upon which the court granted a new trial are as follows: "On the ground that the court erred in giving the 2nd and 3rd instructions for the defendants in that they announced in terms so strong as to be misleading, the right of the defendants to remove earth from their own lot, and also in giving defendants' sixth instruction when there was no evidence that plaintiff's house was near enough to the line to affect or cause the soil of the defendants' (plaintiff's) lot along the boundary line to fall." The said instructions are as follows:

No. 2. "The jury are instructed that defendants had a legal right to grade the lot for the full width thereof and to any depth they pleased, and plaintiff would have no cause of action for such grading unless the soil of plaintiff's lot was caused solely by such grading to crumble off or slide down, so as to decrease the market value of such lot, and it devolves on plaintiff to prove

to your reasonable satisfaction by preponderance of evidence, that the grading done by defendants caused the soil of plaintiff's lot to crumble off or slide down, that the lot was thereby decreased in market value and also to prove the amount of such decrease in market value."

No. 3.  "The court instructs the jury that defendants had a legal right to grade the lot to the full width thereof up to the south line of plaintiff's lot and to any depth they might wish, and they are not under obligations to build a retaining wall for plaintiff or restore the lateral support to her lot, but are liable, if at all, in this case, only for damages, as explained in other instructions."

No. 6.  "The court instructs the jury that this is a suit for alleged damages for removal of lateral support, defendant is not bound to protect houses or other improvements erected or constructed upon an adjoining lot, nor is defendant in such case liable for any damage that may arise from the crumbling off or sliding down of the soil of a lot, caused by the presence of such house or other improvements; and if the jury believe from the evidence that plaintiff had on her premises a certain water-pipe, laid in a trench, dug from three to four feet deep, running near the south side of her lot, and if you further believe from the evidence that the only crumbling off, or sliding down of the soil of plaintiff's lot was caused by such water-pipe or trench or the work about them, the verdict must be for defendant."

Instruction numbered two (2) we think is a proper declaration of the law of the case.  In Larson v. Railway, 110 Mo. l. c. 242, the court said:  "It is settled law that the unquestionable right of a landowner to remove the earth from his own premises adjacent to another's building is subject to the qualification, that he shall use ordinary care to cause no unnecessary damage in so doing."  And it was also said:  "It is ancient and ele-

mentary law, that a proprietor has dominion not only over the surface of the land he owns but over the space above and below the surface to any extent he chooses to occupy it." [103 Mo. App. 1. c. 492.] It is said in the 57 Mo. App. 586, that, "The owner of a building has no natural easement for the lateral support of it by the land of his neighbor. He is under obligation to shore or protect it on notification of an intended adjoining excavation by the proprietor of the adjacent land; and, if he fails to do so, the building may be shored or protected at his expense by such adjacent proprietor."

There is no liability in such cases unless the adjoining landowner in excavating his lot up to the boundary line, is guilty of negligence in so doing, which would produce an injury to the land of the adjoining proprietor. [Charless v. Rankin, 22 Mo. 566; The Victor Mining Co. v. The Morning Star Mining Co., 50 Mo. App. 1. c. 534.] In the latter case it was also said "No damage is recoverable unless there has been an actual disturbance of the integrity of the soil." [See also Walters v. Hamilton, 75 Mo. App. 238.]

We have not seen fit to cite decisions of other states for the reason that our own courts have held to the same doctrine without a break. It will be gathered therefore that from the mere fact the defendants excavated the lot up to the line between themselves and the plaintiff and thereby removed the lateral support of her land, afforded her no cause of action against them for so doing. It should have been shown that in so doing they failed to use ordinary care which resulted in an injury to plaintiff's lot. She was present living upon her lot and it was her duty to protect her lot from damage if any, caused by the acts of the defendant if they acted with proper care and caution. The record in our opinion does not show that defendants were guilty of negligence in excavating their lot. What has

been said applies with equal force to instruction numbered three (3).

We can see no error in the giving of defendant's sixth instruction. It is not denied but what it asserts a correct principle of law but the court said it was not supported by evidence. But there was evidence tending to show that the excavation did not cause the caving in and falling off of plaintiff's lot but that it was due to a water-pipe and ditch along the side of it; that this water-pipe was about three feet under the earth and was frozen at times, which caused it to burst from which the water entered into the ditch and into the earth near the top of the excavation. And we gather from the record that several months elapsed after the grading was done before the dirt caved on plaintiff's lot. If this be true as the plaintiff so stated in her brief the integrity of the earth on plaintiff's lot had in no way been disturbed by the excavation made by the defendants. Therefore it would follow that the excavation had been done with proper care and caution and that the caving off of the earth from the plaintiff's lot was the result of other causes for which the defendant would not be liable. The plaintiff seeks to support the action of the court upon a ground other than that given by the court for its action in granting a new trial which is that the verdict of the jury ought to have been for plaintiff on the evidence. But we think not for one reason at least and that last stated, that the evidence showed that the injury was produced by some other agency than the act of the defendants. The cause is reversed with directions to set aside the order granting a new trial and to enter up a judgment in favor of the defendants. All concur.