BURK BROS. MEAT & PROVISION COMPANY,
Appellant, v. W. P. FOSTER, Respondent.

**Kansas City Court of Appeals, November 6, 1911.**

**DAMAGES: Lateral Support: Duty of Adjoining Owner.** The
owner of a building has no natural easement for the lateral
support of it by the land of his neighbor. He is under ob-
ligation to shore or protect it on notification of an intended
adjoining excavation by the proprietor of the adjoining land,
personal knowledge of the progress of the intended improve-
ment being the legal equivalent of notice, and the owner or
tenant of the building adjoining an excavation cannot complain
of lack of formal notice after he had sat by and, without ob-
jection or effort to protect his property, watched his neighbor
do that which he had a legal right to do.

Appeal from Adair Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

AFFIRMED.

*C. E. Murrell* and *P. J. Reiger* for appellant.

(1) The court erred in rejecting the statements and
admissions of defendant. Statements and admissions
made by defendant before and at the time the wall
fell were competent. Admissions against interest are
receivable against party making them. 1 Am. and
Eng. Ency. of Law (2 Ed.), 675; Carder v. Huskey,
79 Mo. 509; Meir v. Meir, 106 Mo. 411, l. c. 420; Guber-
nator v. Rettalack, 86 Mo. App. 289. (2) The court
erred in holding that plaintiff was not entitled to
show defendant was careless and negligent in making
the excavation. It is the duty of a landowner in mak-
ing an excavation to do so with due care, that is, ordi-
nary care. Gerst v. St. Louis, 185 Mo. 191; Larson
v. Railroad, 110 Mo. 246, 84 S. W. Rep. 34. He
must not in a wanton, careless manner injure his
neighbor. Walters v. Hamilton, 75 Mo. App. 237. (3)

In addition to the statement and admissions of defendant the court excluded all testimony on the issue that defendant was careless, wanton, and reckless in removing the earth on his own premises, which was error. The petition plainly alleged it and it was error to exclude evidence offered. Defendant knew or might have known the character of the soil that it would crumble and fall if left unsupported. He must use his own so as not to injure his neighbors. Carpenter v. Reliance Realty Co., 103 Mo. App. 480; Gerst v. St. Louis, 185 Mo. 191; Teepen v. Taylor (Mo.), 124 S. W. Rep. 1062; Thompson v. Railroad, 19 S. W. Rep. 1. c. 509; 18 Am. and Eng. Cyc. of Law 551. (4) On the issue whether Foster undermined the Dockery wall or not. Plaintiff was entitled to have the jury pass upon the question. Ladd v. Williams, 104 Mo. App. 390; Tapley v. Herman, 95 Mo. App. 537; Williamson v. Transit Co., 202 Mo. 345. (5) When competent evidence is offered and admitted its effect and the weight of such evidence is for the jury. Williamson v. Transit Co., 202 Mo. 345.

*Millan & Banning* for respondent.

Plaintiff was only entitled to lateral support for his ground in its natural state, and was not entitled to such support for his ground encumbered by the weight of the building. Charless v. Rankin, 22 Mo. 566; Obert v. Dunn, 140 Mo. 476; Carpenter v. Realty Co., 103 Mo. App. 480. While it is ordinarily the duty of a party making an excavation so near the line of an adjoining owner as to endanger his neighbor's building to give notice of his intention to make such excavation yet when such adjoining owner has actual knowledge of such intention and sees such excavation being made, then no further notice is required, and the responsibility for the safety of the building devolves upon the owner. The court below did not err in ex-

cluding the offered evidence of what defendant said either before or after the wall fell. If afterwards, it could create no liability. A promise to pay made after the falling of the wall could create no liability—there was no consideration. The conversation with defendant before the falling of the wall was only to the effect that plaintiff told defendant it was dangerous. The mere fact that the wall cracked and fell is not enough to entitle plaintiff to recover. Carpenter v. Realty Co., 103 Mo. App. 480.

JOHNSON, J.—This is an action to recover damages sustained by plaintiff in consequence of the falling of a wall of the building plaintiff occupied as a tenant, the injury being caused, the petition alleges, by the negligence of the defendant, the adjoining owner, in making an excavation on his own land. At the close of the evidence of plaintiff the court peremptorily instructed the jury to find for the defendant and after unsuccessfully moving for a new trial, plaintiff brought the case here by appeal.

Plaintiff, a corporation engaged in the wholesale and retail meat business in Kirksville, had occupied a one-story brick building for seven years as the tenant of the owner, Mr. Dockery. Defendant owned the lot just east of this building and in the spring of 1909 began to excavate his lot preparatory to erecting a building thereon. He dug to the west line of his lot and to a depth of eight or nine feet which was deeper than the foundation of plaintiff's east wall. He gave no written notice either to plaintiff or to Mr. Dockery of his intention to excavate, but plaintiff's managing officers and Mr. Dockery were there during the progress of the work and saw what was done. The east wall of plaintiff's building was about one inch from the property line but its foundation, which was of rock, projected three or four inches beyond the perpendicular line of the wall and, consequently, projected two or

three inches on defendant's land. In digging below the base line of the foundation defendant dug to his property line and in so doing removed the earth from under the part of the rock foundation projecting over that line. No effort was made by any of the interested parties to protect the wall from falling and two or three weeks after the work we have described was done, a part of the wall fell from the lack of proper support and damaged property of plaintiff in the building. There is evidence to the effect that the foundation rested on a kind of clay that slacks and disintegrates after exposure to the air and that the clay supporting the wall became weakened by such process to an extent to render it an insufficient support for the wall.

Plaintiff alleges in the petition "that on and for a long time prior to said 23rd day of October, 1909, the defendant was engaged in excavating and removing earth from his said tract of land adjoining the said one-story brick building occupied by plaintiff, and that said excavation was of the depth of from eight to nine feet, that on the east side of the said twenty-one feet on which said brick building occupied by plaintiff stood was the east wall of said brick building running north and south the length of said lot six, that the defendant so carelessly and negligently dug out and removed the earth along the east wall of said building and negligently failed to support the said east wall of said building but removed the dirt and earth so carelessly and negligently and without leaving any support for the said east wall of said building, and wrongfully, negligently and carelessly removed the earth from under said east wall and the dirt that was supporting said wall so that said wall was left without proper support, and negligently failed to properly shore up and protect the earth under said east wall and failed to protect and brace the said wall in a good workmanlike manner and negligently failed to use ordinary care in excavating as

aforesaid, and wrongfully left said wall without support and left the dirt and earth under the said wall exposed to the storms and elements for an unreasonable length of time, that because of the wrongful, negligent and careless acts of defendant aforesaid the said east wall of said building fell and caused great damage to plaintiff's said property and machinery," etc.

It will be noticed the gravaman of the cause thus pleaded is negligence of defendant in digging on his own land. There is no charge that he committed any trespass on the land of plaintiff by extending the excavation over the property line. There is some evidence adduced by plaintiff tending to show that the west wall of the excavation was on the same perpendicular line as that of the brick wall and, therefore, that the excavation was one inch over on plaintiff's property, but we must disregard such evidence since, as we have shown, the cause of action pleaded does not include trespass nor negligence of defendant in extending the excavation beyond his own property. No rule is better settled than that which restricts a plaintiff to recovery upon the cause of action he pleads in his petittion and, applying that rule, we confine ourselves to the hypothesis that defendant was guilty of a negligent breach of a duty he owed plaintiff in the manner in which he made use of his own property. Plaintiff claims in his brief that defendant was negligent in two respects: "First, because of undermining the wall; second, because defendant did not protect the earth but left it exposed to the elements which caused it to crumble and fall."

It does not appear that the removal of the earth from beneath the projecting part of the foundation was the immediate cause of the injury nor that the wall would have fallen but for the disintegrating action of slow atmospheric processes. Consequently the negligence that may be considered as the proximate cause of the event consisted not of the act of defendant in

withdrawing lateral support by digging to his line, but of the failure of the person charged in law with the duty of protecting the bank or of shoring up the wall. Both of the adjoining owners had full knowledge of the situation and of the likelihood of the bank to give way in time to the ravages of elemental action and each had ample opportunity in which to prevent the injury. Defendant was under no duty to plaintiff or to plaintiff's landlord to maintain an adequate support for the fall. We do not know the terms of the tenancy existing between plaintiff and its landlord but, measuring the rights and duties of plaintiff by those of the landlord, we hold that it was the duty of the owner of the wall to maintain its support. "The owner of a building has no natural easement for the lateral support of it by the land of his neighbor. He is under obligation to shore or protect it on notification of an intended adjoining excavation by the proprietor of the adjacent land." Gates v. Fulkerson, 129 Mo. App. 620. But personal knowledge of the progress of the intended improvement is the legal equivalent of notice. The owner of a building would not be suffered to complain of the lack of formal notice after he had sat by and, without objection or effort to protect his property, had watched his neighbor do that which had a legal right to do. Larson v. Street Ry. Co., 110 Mo. 234; Gerst v. City, 185 Mo. 191.

Following an unbroken line of decisions to which those cited belong we must hold that the proximate cause of the injury was negligence of the owner of the wall and that defendant was not guilty of any negligence since he owed no duty to plaintiff to maintain supports for the wall. The demurrer was properly sustained.

The judgment is affirmed. All concur.