OSTERYOUNG, Respondent, v. ST. LOUIS
TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, December 13, 1904.**

1. **CARRIERS OF PASSENGERS: Expulsion of Passenger: Aggravation of Damages.** In an action by a passenger for damages for wrongful expulsion from a street car, proof of abusive and insulting language, by the conductor while ejecting him, was proper to be shown in aggravation of damages.

2. ———: ———: **Abusive Language.** But where the petition counted on the wrongful expulsion, the use of the abusive language does not furnish an independent cause of action and an instruction authorizing a recovery on that theory, independent of the expulsion or physical injury, was erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas*, Judge.

REVERSED AND REMANDED.

*George W. Easley* with *Boyle, Priest & Lehmann* for appellant.

The court erred in giving the plaintiff's first instruction. It directs a verdict for plaintiff on either of these grounds: (1) If the conductor "cursed and abused plaintiff and called him vile names;" (2), "or assaulted and struck plaintiff;" (3), "or violently ejected plaintiff from said car, then your verdict must be for the plaintiff." This authorizes a verdict for plaintiff for the sole use of abusive language. Breen v. Transit Co., 102 Mo. App. 489, 77 S. W. 78; Grayson v. Transit Co., 100 Mo. App. 60, 71 S. W. 730.

*Edwin S. Puller* for respondent.

Plaintiff's petition does not contain a count for damages on the sole ground that the conductor cursed plaintiff and called him vile and profane names, but the petition does allege bad language coupled with "abuse," assault, blows, attempt to stab, and violent ejection from the car. All these acts were simultaneous and continuous—they completed the one offense and they can not be separated. The evidence is conclusive on this point and the instruction was correct. "Abuse" implies physical injury. Farber v. Railway, 116 Mo. 91, 22 S. W. 631; Goddard v. Railroad, 57 Me. 202; Bryant v. Rich, 106 Mass. 180; Croker v. Railroad, 36 Wis. 657; Sherley v. Billings, 8 Bush 147; Railroad v. Flexman, 103 Ill. 546; Sonnen v. Transit Co., 102 Mo. App. 271, 76 S. W. 691.

BLAND, P. J.—The charging part of the petition is as follows:

"Plaintiff states that on the twenty-fifth day of November, 1902, he was a passenger on one of the cars of defendant on Easton avenue and that he then and there paid to defendant's agent his fare for transportation as a passenger, and that he was lawfully entitled to transportation in the said car of defendant as a passenger. That it was then and there the duty of defendant, its agents and servants in charge of said car to safely transport said plaintiff to his destination on said Easton avenue line. Plaintiff states that on said last-mentioned date and while plaintiff was a passenger as aforesaid on said car of defendant, the defendant's agent in charge of the said car, the conductor in charge of said car, without cause wrongfully, unlawfully and maliciously cursed and abused the plaintiff, called him vile, profane and obscene names in a loud voice by which plaintiff was greatly annoyed and humiliated and the said conductor wrongfully, unlawfully and maliciously assaulted and attempted to assault and strike plaintiff and said conductor drew a large knife from

his pocket and unlawfully and maliciously attempted to cut, stab and wound the said plaintiff and the said agent of defendant then and there unlawfully and violently ejected the plaintiff from said car on which the plaintiff then and there had a right to be as a passenger and that plaintiff was hurt and wounded by said ejection. That all of the foregoing acts of defendant's agent were in violation of the legal duty devolving on defendant to safely transport and protect plaintiff as a passenger on defendant's car. Plaintiff states that he has suffered actual damage thereby in the sum of $25. Wherefore plaintiff prays judgment against defendant for the said sum of $25 actual damages and for the sum of $475 punitive or exemplary damages and for his costs.''

The evidence shows that plaintiff, on November 25, 1902, was a passenger on one of defendant's street cars traveling west on Easton avenue, in the city of St. Louis. While he was on the car, the conductor thereof, without provocation, became angered at plaintiff and applied to him vile and opprobrious epithets and without lawful excuse assaulted him and violently pushed him off the car. Defendant's evidence tends to show that the conductor did not apply opprobrious epithets to plaintiff or use profane or objectionable language in his presence, that he did not assault plaintiff or put him off the car, but that he was put off by two police officers for interfering with the conductor in the lawful discharge of his duties.

The court gave the following instruction for plaintiff, to the giving of which defendant saved an exception:

''The court instructs you that if you find from the evidence that the defendant is a corporation engaged in the business of transporting passengers from place to place in the city of St. Louis for hire, and was such

at the date hereinafter mentioned, and that on the twenty-fifth day of November, 1902, the plaintiff became a passenger upon one of defendant's street cars, and paid the customary fare as such passenger to the conductor in charge of said car, then it was the duty of the defendant and of its agents and servants in charge of said car to safely transport the plaintiff to his destination upon the line of said road reached by said car, and if you further believe from the evidence that on the date above mentioned and while plaintiff was a passenger upon the said car as aforesaid, the conductor in charge of said car wrongfully and without cause cursed and abused the plaintiff and called him vile names, or assaulted and struck plaintiff, or violently ejected plaintiff from said car, then your verdict must be for plaintiff.''

The verdict (signed by nine jurors) was for plaintiff for twenty-five dollars actual and four hundred and seventy-five dollars punitive damages. After unsuccessful motions for new trial and in arrest of judgment, defendant appealed.

The instruction authorized the jury to find for plaintiff, if they found from the evidence that the conductor, ''without cause, cursed and abused the plaintiff and called him vile names, or assaulted and struck plaintiff, or violently ejected plaintiff from said car.'' This instruction authorized the jury to find for the plaintiff, if they found the conductor ''without cause, cursed and abused plaintiff and called him vile names,'' though they might find from the evidence he was neither assaulted nor put off the car by the conductor; in other words, it authorized a recovery for mere opprobrious words unaccompanied by any physical injury or violence or offer of violence to the person of plaintiff. The petition did not count on the opprobrious language of the conductor as an independent cause of action. The offensive language is introduced as pre-

liminary to and explanatory of the main charge, to-wit, the assault and ejection from the car, and was proper matter of inducement and of proof in aggravation of the damages. Grayson v. Transit Co., 100 Mo. App. 60, 71 S. W. 730. There was no intermission between the abusive language, the assault and the ejection from the car and it is so alleged in the petition and could not be split up into separate and distinct causes of action as was done by the instruction to the jury. It has been held in a few cases of extreme aggravation that a common carrier of passengers is responsible to a passenger for the insulting conduct of its servants which stops short of actual violence. Knoxville Traction Co. v. Lane, 46 L. R. A. (Tenn.) 549; Lafitte v. Railroad, 12 L. R. A. (La.) 337; Booth on Street Railways, sec. 372. Fortunately, no case of such extreme brutality as is exhibited in the Tennessee case has arisen in this State; if ever one does, we do not think the courts will hesitate to say that such conduct is a violation of the implied contract of the carrier to treat its passengers with courtesy and respect and to hold it responsible for injury caused by brutal insult. In the Louisiana case there was, in addition to the insult, a charge preferred against the passenger for attempting to pass counterfeit money, and he was arrested, taken before a magistrate and underwent a trial. We do not have to deal with this somewhat perplexing question here; for insult is not the gravamen of the action, but the assault and the ejection are. As before stated, it was proper to allege and prove the insulting language for the purpose of aggravating the damages. But as the petition was framed, and as the evidence shows, it was error to instruct the jury that plaintiff could recover for the insult alone and for this error the judgment is reversed and the cause remanded. All concur.

CONCURRING OPINION.

GOODE, J.—I agree to this opinion on the ground that the testimony shows the insults and abusive epithets addressed by the conductor to the plaintiff were in connection with the assault and the ejection from the car and are to be regarded as an aggravation of the assault and ejection, rather than an independent tort. This is the position of plaintiff's counsel, who says in his brief:

"Plaintiff's petition does not contain a count for damages on the sole ground that the conductor cursed the plaintiff and called him vile and profane names, but the petition does allege bad language coupled with 'abuse,' assault, blows, attempt to stab, and violent ejection from the car. All these acts were simultaneous and continuous—they completed the one offense and they cannot be separated. The evidence is conclusive on this point and the instruction was correct. 'Abuse' implies physical injury."

Now the instruction for the plaintiff is not correct, as it treats the abuse, the assault and the ejection as each a separate ground of recovery.