MERRITT W. SMITH, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 3, 1906.

1. **DAMAGES: Physical Injury: Mental Anguish: Malice.** Mental anguish must be accompanied by physical injury before it can be admitted as part of the measure of damages unless the act producing the mental anguish is accompanied by malicious or insulting conduct and when so accompanied mental anguish enters into the damages.

2. **PASSENGER CARRIERS: Removal of Passenger's Property: Insult: Physical Injury.** Though a railroad company has the right to remove a passenger's property from the car yet if the carrier's servant wantonly insults and humiliates the passenger, physical injury is not required to enable the passenger to recover damages.

3. ———: ———: **Invitation: Instruction.** An instruction told the jury that the brakeman had a right to throw the passenger's tools from the car if he was invited to do so by the latter. It is suggested that on the evidence such invitation could scarcely be in earnest and that the phrase be removed from the instruction.

4. ———: ———: ———: ———. / Where a carrier under its rules and the facts has a right to remove a passenger's tools from the aisle of the car it must do so without accompanying the act with violent and menacing conduct or profane or insulting language. ,

Appeal from Clinton Circuit Court. — *Hon. Alonzo Burnes,* Judge.

AFFIRMED.

*Thomas R. Morrow, Samuel W. Moore, F. B. Ellis* and *Samuel W. Sawyer* for appellant.

The verdict of the jury was for the right party under all the evidence in the case and should have been allowed

to stand. Ottomeyer v. Pritchett, 178 Mo. 160; Mackowik v. Railroad (Mo.), 94 S. W. 256; State ex rel. v. Railroad, 71 Mo. App. 389; Grayson v. Railroad, 100 Mo. App. 60; Osteryoung v. Transit Co., 108 Mo. App. 703; Connell v. Union Tel. Co., 116 Mo. 34; Deming v. Railroad, 80 Mo. App. 152; Strange v. Railroad, 61 Mo. App. 586; Rawlings v. Railroad, 97 Mo. App. 515; Shellabarger v. Morris, 115 Mo. App. 573, 91 S. W. 1005.

*R. H. Musser* and *Pross T. Cross* for respondent.

(1) The trial court, in giving and refusing instructions at the trial, acted on the theory that defendant was not liable for any insulting, abusive or threatening language or conduct used towards plaintiff by its brakeman, unless there was some physical injury. This was plainly error, as the trial court afterward discovered. (2) It is the well-established doctrine in this State that a carrier is liable for the insulting or malicious conduct or language of its servants used towards its passengers, regardless of whether there is any physical injury or not. Sweeney v. Cable Co., 150 Mo. 385; Boling v. Railroad, 189 Mo. 219; Shellabargar v. Morris, 115 Mo. App. 573; Rawlings v. Railroad, 97 Mo. App. 511; Rawlings v. Railroad, 97 Mo. App. 515; Snyder v. Railroad, 85 Mo. App. 495; Deming v. Railroad, 80 Mo. App. 155; Hickey v. Welch, 91 Mo. App. 4; Trigg v. Railroad, 74 Mo. 147; McGinnis v. Railroad, 21 Mo. App. 399; Molecek v. Railroad, 57 Mo. 17.

ELLISON, J.—This action is for damages for mistreatment of plaintiff while a passenger on one of defendant's trains. There was a verdict for the defendant. On plaintiff's motion, a new trial was granted and from that order defendant has appealed to this court.

It appears that plaintiff and a companion were passengers on defendant's train. That they took with them into the smoking car some heavy iron tools, such as

sledge hammers, crowbars, drills, etc., and laid them, down in the aisle of the car close to their seat. It further appears that it was against the rules of the defendant for passengers to take such articles into a car provided for passengers. The evidence in plaintiff's behalf tended to show that the brakeman on the train began in an abusive and insulting way to demand that the plaintiff and his companion "take care" of the tools. While from some portions of the testimony in plaintiff's behalf it does not appear just what the brakeman wanted done with them, it is very clear from the whole record that he was objecting to them being carried in that car as it was against the rules of the company. But, at any rate, the evidence, in plaintiff's behalf, shows clearly that in demanding that he and his companion "take care" of them, the brakeman used profane, threatening, abusive and insulting language, and that upon their refusal to interfere with the tools, he took them to the door of the car and threw them off of the running train.

There were a great number of instructions given for the defendant. They were based upon the general idea that if the rules of defendant prohibited tools from passenger cars and the brakeman requested plaintiff and his companion to take them out of the car and they refused, that then he was justified in throwing them from the train, regardless of his abusive and insulting language. The instructions do not affirmatively state this, but that is the effect of them under the evidence. They should have been qualified (as we shall see further on) by stating in proper words that a right to remove the tools did not justify the offensive conduct.

It is insisted by defendant that the evidence conclusively shows the plaintiff cannot recover and that the verdict for defendant should have been permitted to stand, even though there may have been erroneous instructions given. That is a correct statement of law and we will see if it can apply to this case.

The petition seeks to recover damages for wounded feelings, humiliation and mental anguish and plaintiff's instruction permits a recovery for such character of injury. Since the evidence fails to disclose any physical injury, defendant contends that no damages can be allowed for mental anguish, etc. The idea is that mental anguish must be connected with physical injury in order to be admitted as a part of the measure of damages. That is true when the party charged has not been guilty of *malicious or insulting conduct;* as, for instance, a mere failure to deliver a telegram which failure causes great mental distress. The case of Connell v. Telegraph Co., 116 Mo. 34, contains a learned and an exhaustive discussion of that subject and establishes the rule for this State.

But where the charge includes matters of malice, insult or inhumanity, though not connected with bodily injury, mental pain and anguish may enter into the measure of damages. [Bowling v. Railroad, 189 Mo. 219; Connell v. Tel. Co., 116 Mo. 34; Rawlings v. Railway, 97 Mo. App. 511; Snyder v. Railway, 85 Mo. App. 495; Deming v. Railway, 80 Mo. App. 155; Hickey v. Welch, 91 Mo. App. 4; Trigg v. Railway, 74 Mo. 147; Shellabarger v. Morris, 115 Mo. App. 573.] The law is that though the representative of the carrier of passengers may have the right to eject a passenger, or to remove his property from the car, he must not beat him, nor assault him, neither must he humiliate him by rude, violent and insulting language. So where the passenger is in the wrong and the carrier in the right as regards the offense or act of the passenger, the carrier may put himself in the wrong by subsequent unjustifiable conduct. Thus for illustration, the carrier should never use more force than is necessary; when he does, he becomes a trespasser *ab initio.* Thus, if a mere trivial first assault is met by a cruel and inhuman beating, not at all necessary for defense from

the assault, the first offense will not prevent such offender from recovering damages. So a mere uncombative and unoffensive refusal to comply with a rule of the carrier, will not justify his servant in wantonly insulting and humiliating him by violent, profane and insulting language, and it does not require physical injury to enable him to recover damages. Counsel's brief, in effect, admits this, when applied to extreme cases; as if a lady whose conduct was not offensive, should be grossly insulted. And we regard a like concession is made in the case of Osteryoung v. Transit Co., 108 Mo. App. 703. If physical contact is not absolutely necessary to the recovery of damages in extreme cases, it is not necessary in cases not so extreme. The question is, has the servant unnecessarily humiliated and insulted the passenger, by unprovoked, abusive and offensive language or conduct. Whether the act be of greater or less aggravation would doubtless have its weight with the jury in assessing damages; but a mere question of degree should not cut out the passenger's right altogether. There may, of course, be instances where abusive, profane and insulting language by the carrier's servant may be provoked by like conduct of the passenger which should prevent any complaint by him. But when the carrier's conduct is wanton and unnecessary, and is abusive and insulting, he may be held in damages, notwithstanding his being in the right in the origin of the controversy.

No point has been made as to the right of the brakeman to go so far as to throw the tools from the running train even though they were in the car against the rules, and we have not considered that as an element in the case, except as it is mentioned in some of defendant's instructions. It is there submitted that the brakeman had a right to throw them off if invited to do so by plaintiff, or his companion acting for him. It is too apparent for question that the brakeman did not understand that

either plaintiff or his companion meant that their tools should be thrown from the train. If such words were used, it is manifest that no one would think they were uttered in earnest or with any idea of really giving directions that they should be thrown off. It would be well for defendant to omit that phase of the case from instructions on another trial.

It is quite reasonable to suppose that the evidence in defendant's behalf established in the minds of the jury as one of the facts of the case that it was against defendant's rules to carry the tools in the car into which they were taken, or at least in the aisle of such car, unless with the consent of its agent in charge of the train. If then no consent was given, it was defendant's right to request that they be removed; and, leaving out of view the question whether there was a right to throw them from a moving train with no opportunity for the owner to get off with them, it was its right to remove them. But in doing so, the act must not be accompanied by violent or menacing conduct, nor by profane or insulting language. The case as now presented is a simple one with really very few issues of fact, which may be readily submitted to the judgment of a jury.

The order and judgment granting a new trial is affirmed. All concur.