FRANK VOSS, Respondent, v. WILLIAM BOL-
ZENIUS et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs February 10, 1910.
Opinion filed March 8, 1910.

1. TRIAL PRACTICE: Demurrer to Evidence: Properly Overruled, When. Where there is evidence sustaining the charge set out in plaintiff's statement, a demurrer to the evidence is properly overruled.

2. DAMAGES: Pain of Mind: Malice and Insult: Pleading. Plaintiff's statement, in an action commenced in a justice's court, alleging that defendants intentionally and maliciously disturbed the peace of plaintiff by loud and unusual noises and

by cursing and abusing plaintiff and that plaintiff lost much sleep and rest and suffered great mental pain and anguish and was disgraced and humiliated by the acts of defendant, was sufficient, as against the objection that pain of mind unless connected with bodily injury is not the subject of damages, since the case alleged by the pleading is one of tort accompanied by circumstances tending to show malice and insult, the effect of which was loss of sleep and nervous shock.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors*, Judge.

AFFIRMED.

*Jesse M. Owen* and *Jesse H. Schaper* for appellants.

(1)  There was no substantial evidence produced at the trial to warrant the trial court in submitting the case to the jury; the court, therefore, erred in refusing the demurrer offered by defendants at the close of all the evidence.  Hickey v. Welch, 91 Mo. App. 4. (2)  The trial court committed error in giving to the jury instruction number 1, asked by plaintiff, for the following reasons.  (a) Because there was no substantial evidence in the case on which to base it.  (b) Because it submitted to the jury the legal propositions on which plaintiff's right to recover hinged, which should have been decided by the court.  Carroll v. Campbell, 110 Mo. 557.  (c) Because it leaves to the jury to determine under what circumstances plaintiff is entitled to exemplary damages instead of informing  the  jury what facts render defendants liable for such damages. Clark. v. Fairly, 30 Mo. App. 335.  (d) Because this is not so framed as to leave the jury free to exercise their discretion whether to allow punitive damages, and the vice of it is that it withdraws such discretion and makes the allowance mandatory.    Johnson  v. Wells, 112 Mo. 561; Nicholson v. Rogers, 129 Mo. 141; (e) Because it fails to define the terms "wantonly and maliciously."

*James Booth* for respondent.

(1) Respondent insists now that the testimony of plaintiff as to the effect of defendants' wrongful actions, is untrue—that as a matter of fact, he did not lose any sleep and rest, and that expert evidence ought to have been called to support this phase of the case. Plaintiff so testified, and it was for the jury and the trial court to determine the credibility of his evidence. Levels v. Railroad, 196 Mo. 606; Shoe Co. v. Sally, 114 Mo. App. 222; Dowling v. Wheeler, 117 Mo. App. 169. (2) It is charged by appellants, that the demurrer ought to have been sustained, because the acts of defendants resulted in no physical injury to respondent. In reply to this charge, it is elementary that as to the parties to this controversy, this cause is to be tried and determined upon the same theory here as below. Atterbury v. Hopkins, 122 Mo. App. 172. (3) Plaintiff's instruction No. 1 is not subject to any of the objections leveled against it by appellant. If the facts therein submitted were found by the jury then it was a proper case for punitive damages. This is not like a case where punitive damages were left to assessment by the jury in an action, where the facts justifying such damages were not submitted to the jury. Here the instruction did submit the essential facts. The jury must have found that defendants' acts were intentional, wanton and malicious. This was all necessary to entitle plaintiff to punitive damages. Lampert v. Drug Co., 119 Mo. App. 693; Johnson v. Wells, 112 Mo. App. 557. (4) Independent of all question of waiver and theory on which appellants tried their case below, the issue they now present is this: Will an action lie where there is no physical injury, which results in the loss of health, rest, sleep or mental anguish. Shellabarger v. Morris, 115 Mo. App. 566; Medford v. Levy, 13 Am. St. Rep. 887; Trigg v. Railroad, 74 Mo. 147; Deming v. Railroad, 80 Mo. App. 152; Carter v. Osteen, 112

S. W. 995; Randolph v. Railroad, 18 Mo. App. 609; Beck v. Railroad, 108 S. W. 133; Smith v. Railroad, 122 Mo. App. 85; 2 Waterman on Trespass, p. 86, sec. 698.

REYNOLDS, P. J.—The plaintiff commenced his action before a justice of the peace, where he recovered. On an appeal by the defendants to the circuit court, a trial *de novo* was had on an amended statement, to the effect that the defendants "intentionally, wantonly and maliciously disturbed the peace of plaintiff by loud and unusual noises and by cursing and abusing plaintiff . . . and by threatening to assault plaintiff, and that by reason thereof plaintiff lost much sleep and rest, suffered great mental pain and anguish and was disgraced and humiliated by said acts of defendants," for which he claimed twenty-five dollars actual and one hundred dollars exemplary or punitive damages and costs. The statement also set out the insulting and abusive language addressed by defendants to plaintiff which it is unnecessary here to repeat, beyond noticing that it was not only insulting and abusive, but vulgar.

At the trial before a court and jury, evidence was given on the part of plaintiff to the effect that defendants, who are all boys under 21 years of age and were represented by a guardian *ad litem* duly appointed by the court, in driving past plaintiff's residence in Franklin county, had cursed and abused plaintiff and that their language was insulting and threatening, and that in consequence of it he had not only been humiliated and suffered great worry, amounting to rather grave nervous breakdown, followed by loss of sleep the night after the occurrence. The insulting language was uttered in the presence of several persons, members of the family of plaintiff. On the part of defendants the testimony tended to negative the use of the language as applied to plaintiff and was to the

effect that defendants were not directing their talk or epithets to or at him but were calling to some companions, whom they expected to meet. Practically, that was the defense.

At the close of the testimony defendants asked for an instruction that under the pleadings and evidence plaintiff was not entitled to recover. This was refused and defendants excepted. At the instance of the plaintiff the court instructed the jury to the effect that if they believed from the evidence that the defendants, on the day named and in the county of Franklin, "intentionally, wantonly and maliciously disturbed the the peace of plaintiff by loud and unusual noises, and by cursing and abusing plaintiff and calling him . . . and that by reason thereof plaintiff lost any sleep and rest, and suffered any mental pain and anguish, and was disgraced or humiliated by the said acts of defendants, then you will find the said issues for the plaintiff," and assess his damages at what they believed would fairly and reasonably compensate him for the injuries received, if any, not exceeding the sum of twenty-five dollars, and in addition to such sum might assess punitive or exemplary damages both as a punishment to defendants and as a warning to others, not exceeding one hundred dollars, the jury being directed to assess the damages separately if they found for plaintiff. This was excepted to. The jury returned a verdict for plaintiff, assessing his damages at one dollar actual and twenty dollars punitive damages. Judgment followed, a motion for a new trial as well as one in arrest was filed, overruled, exception saved to the action of the court and the case is here on appeal of defendants.

The assignments of error are that there was no substantial evidence produced at the trial to warrant the trial court in submitting the case to the jury, and that the court erred in refusing the demurrer offered at the close of the evidence; that the court erred in

giving to the jury the instruction it gave at the instance of plaintiff, as there was no substantial evidence in the case on which to base it, and that it submitted legal propositions on which the plaintiff's right to recover hinged which the court should have decided, leaving to the jury to determine under what circumstances plaintiff is entitled to exemplary damages; because the instruction is not so framed as to leave the jury free to exercise their discretion whether to allow punitive damages, its vice consisting in the fact that, in withdrawing such discretion, it makes the instruction mandatory, and it is defective in that it fails to define the terms "wantonly and maliciously." And the final assignment is that the trial court erred in overruling defendant's motion for new trial and in arrest.

Taking these up in their order, we hold that the demurrer to the evidence was properly overruled. There was evidence sustaining the charge set out in the statement. Whether that statement sets out a cause of action is a more serious question, involving the right to recover damages for mental pain and anguish, unaccompanied by injury to person or property. The averment in the statement that one of the consequences of the act of the defendants was the loss of sleep which was embodied for the first time in the amended statement, as we understand counsel for defendants, is the main averment that is relied on for bringing the case out of the general rule that pain of mind, unless connected with bodily injury, is not the subject of damages, and this counsel argue is not sufficient for the purpose and was not proven. In the case in which this general rule was announced by our Supreme Court, that of Trigg v. Railway, 74 Mo. 147, it is said at page 153 of 74 Mo. (41 Am. Rep. 305), that pain of mind must be connected with bodily injury, "unless the injury is accompanied by circumstances of malice, insult or inhumanity." The Trigg Case has been recognized as a correct statement of the law in this State

ever since its announcement, and the exception to the general rule then announced and often referred to. See Shellabarger v. Morris, 115 Mo. App. 566, 91 S. W. 1005; Hickey v. Welch, 91 Mo. App. 4; Deming v. Railroad, 80 Mo. App. 152; Connell v. The Western Union Tel. Co., 116 Mo. 34, 22 S. W. 345; Carter v. Oster, 134 Mo. App. 146, 112 S. W. 995. The case here made is one of gross insult, the effect of which was loss of sleep and nervous shock.

It is a case of tort accompanied by circumstances tending to show malice and insult. It is clearly within the law announced in Smith v. Atchison, T. & S. F. R. R. Co., 122 Mo. App. 85, 97 S. W. 1007. The court by the instruction given at the instance of plaintiff required these elements to be found as a condition of a verdict for plaintiff.

On the authority of the cases cited we think that the amended statement sets out a cause of action and that the instruction given at the instance of the plaintiff is not subject to the objection assigned. The judgment of the circuit court is affirmed. All concur.

