HENRY CHAPMAN et al., Appellants, v. ST. LOUIS BELT AND TERMINAL RAILWAY COMPANY.

Division One, February 29, 1912.

1. **NEGLIGENCE: Excavating for Railroad: After Condemnation: Question of Fact.** Where there is substantial evidence for plaintiff landowners to the effect that the defendant railroad company, after the judgment of condemnation awarding damages, so negligently excavated its roadbed as to cause the high banks on the side thereof to cave and thereby destroy the lateral support which the landowner is ordinarily entitled to, and equally substantial evidence that the railroad company was not negligent in the manner of construction and the amount of slope allowed, the question of whether or not defendant was negligent becomes one of fact, for the jury's determination, under proper instructions, and a verdict for defendant removes the question of negligent excavation and construction from the case.

2. ———: ———: ———: **Additional Damages.** Where there has been no negligence in the excavation through the landowner's land for a roadbed by a railroad company, after condemnation and an assessment and payment of damages in which were included the value of the land taken and damages to that which remained, the landowner is not entitled to recover additional damages due to the caving of the embankment in consequence of the excavation. The word "damages" used in

the constitutional provision stating that private property can-
not be taken or damaged for a public use without just compen-
sation, includes damages which are incidental to, or which
reasonably flow from, the construction, maintenance and opera-
tion of the road, be they present, past or future; and if there
was no negligence in the excavation or in the amount of slope,
the landowner cannot recover additional damages because the
embankment thereafter caved in.

3. **EVIDENCE: Damages: Exclusion.** Where the plaintiff was
not entitled to recover any damages, the court did not commit
reversible error in excluding competent evidence on the measure
of damages.

Appeal from St. Louis County Circuit Court.—*Hon.*
*J. W. McElhinney,* Judge.

AFFIRMED.

*Lee Meriwether* for appellants.

(1) It was defendant's contention that the char-
acter of soil of this particular cut was such that its
sides had a tendency to slide and cave in even though
the cut was sloped at an angle less sharp than usual; de-
fendant introduced expert witnesses to support this.
contention. Admitting this contention (that the shale
and clay sides of this cut presented unusual difficulties
because of their extraordinary tendency to slide and
cave in), then defendant should have exercised a high
degree of care in constructing the cut; and it was error
to give instruction 3 (that defendant needed to exercise
only ordinary care). (2) The damages paid to plain-
tiffs by defendant, in the condemnation suit, were only
such damages as could be reasonably expected to re-
sult from the construction and operation of a railroad
in a legal and proper manner (the noise of engines,
cinders, vibration of trains and the like); they did not
include—and could not lawfully include—damage done
to plaintiffs' remaining land by reason of defendant's
improper construction of the cut. For such damage
a separate suit must be brought—as plaintiffs have
done in the case at bar. Railroad v. Haines, 10 Kan.

240 Sup.—38

.439; Lewis on Eminent Domain, p. 1245.    Damages from improper construction or use are excluded. Lewis, Eminent Domain, sec. 714, p. 1249. (3) The owner of land is entitled to lateral support of it, and his neighbor has no right to dig away the adjacent earth so as to cause the ground to crumble.    Carpenter v. Railroad, 53 Mo. App. 369; Hanlan v. McManns, 42 Mo. App. 551; Charless v. Rankin, 22 Mo. 566; Mining Co. v. Star Co., 50 Mo. App. 525; Walters v. Hamilton, 75 Mo. App. 237; Murphy v. Gillum, 73 Mo. App. 487.

*R. H. Stevens* for respondent; *T. M. Pierce* of counsel.

(1) Unless defendant constructed the cut for its roadbed in a negligent manner, plaintiffs cannot recover, because the commissioners awarded to plaintiffs all damages past, present and future, which would reasonably result to plaintiffs land by reason of the construction, operation and maintenance of its railroad. Watts v. Railroad, 23 L. R. A. 674; Clark v. Railroad, 35 Mo. 202; Benson v. Railroad, 78 Mo. 504; Abbott v. Kansas, 83 Mo. 271; Harrelson v. Railroad, 151 Mo. 496; Moss v. Railroad, 85 Mo. 86; Asten v. Nalson, 63 Cal. 279; Hortsman v. Railroad, 18 B. Mon. 218; Boothby v. Railroad, 51 Me. 318; Gates v. Fulkerson, 129 Mo. App. 620; Jones v. Railroad, 84 Mo. 151. (2) The petition of plaintiffs in this case is founded upon negligence in the construction of the cut and in removing lateral support. Therefore plaintiffs are bound by the allegations in their petition and this question was the question submitted to the jury and to which all of plaintiffs' testimony was directed. Defendant met this issue and a jury upon the evidence found there was no negligence in the construction of the cut and rendered a verdict on the whole case for the defendant. Therefore, it follows that all other propositions are simply of no importance in this case.

WOODSON, J.—This is a suit brought by the plaintiffs against the defendant to .recover $25,000 damages sustained by them through the alleged negligence of the latter in grading its right of way along and adjacent to their property, and thereby causing it to cave in.

The facts are few, and most of them are undisputed. They are as follows:

Some time prior to the institution of this suit, the defendant brought another suit against the plaintiffs, for the purpose of condemning a strip of land through their property for its right of way. In due time the latter came on regularly for trial, and after the commissioners heard the evidence pro and con, awarded the defendants, the plaintiffs here, the sum of $28,975 for the value of the land taken for said purpose and for the damages done thereby to the remainder of the tract not taken.

Shortly after the trial of the former case, the defendant here took possession of the said strip of land, and graded it for the purposes of its right of way.

In the present suit, the plaintiffs charge that the defendants so negligently graded the strip that the banks on the sides thereof caved in, and carried with them large portions of their land and soil, to their damage in the sum of $25,000.

The answer of the defendant denied the charge of negligence, and affirmatively alleged that whatever damages the plaintiffs sustained, if any, in consequence of the grading, was compensated for in the previous condemnation proceedings.

This new matter was traversed by a reply.

The evidence for both parties showed substantially, the following facts:

That a proper grade or slope of the banks of the cut was from one and a quarter feet horizontal to one foot in depth, and that if there was still a tendency to slide, the horizontal slope should be increased in ex-

treme cases to two feet horizontally to one foot in depth.

There was substantial evidence introduced on the part of the plaintiffs which tended to show the foregoing rules of excavation were not observed or followed by the defendant; and that it cut the banks almost perpendicular for the first twelve feet, and that much less slope than one and a quarter feet to one was made for the remaining distance, which was about twenty feet.

Upon the other hand, the defendants introduced equally credible evidence, it seems to us, tending to contradict the evidence introduced by appellants; and also to show that in excavating the cut the railway company left a slope for the banks thereof of from one and one-half to two feet horizontal to one foot in depth.

The evidence for the defendant also tended to show, that there was no sliding or caving of the banks during the course of the excavation, but that near the bottom of the cut there was what is called a bed of shale or joint clay, and subsequently thereto, during wet weather, water seeped through the upper soil and flowed over the surface of the shale, and thereby caused the latter to become greasy-like or slippery, and caused the former to slide and cave into the excavation.

In rebuttal, the evidence for appellants tended to show that by the exercise of ordinary care, and by the expenditure of a reasonable sum of money by the company, the latter condition could have been remedied by driving piles near the bottom of the cut, and filling in behind them with brick-bats, or other materials of similar character, and by planting trees thereon.

The evidence of defendant tended to contradict the feasibility of the latter scheme.

At the close of the introduction of all the evidence, the court, at the request of the defendant, and over

the objections of plaintiffs gave to the jury the following instructions, viz.:

"3.    The jury are instructed that if you believe and find from the evidence that defendant, St. Louis Belt & Terminal Railway Company, exercised ordinary care in erecting, constructing and digging the cut for the establishment and construction of its roadbed, then your verdict must be for the defendant and against the plaintiffs, even though you further find and believe from the evidence that the plaintiffs' land cracked open on the north, sloughed off and caved in, to plaintiffs' damage.

"4.    The court instructs the jury that the defendant, St. Louis Belt & Terminal Railway Company, leave being duly had, on the 29th day of October, 1904, applied to the circuit court of St. Louis county, by a petition setting forth the general directions in which it was desired to construct its road, together with the description of the plaintiffs' land, and prayed therein for the appropriation, for the purpose of constructing, maintaining and operating with all convenient speed its railroad, and for the purpose of cutting embankments necessary for the proper construction of said road, a strip of land on the south side of plaintiffs' land 210 feet wide, which said strip was 135 feet south of the center line of the proposed route, and seventy-five feet north of said center line. And in said petition also prayed for the appointment of three disinterested freeholders as commissioners to assess the damages plaintiffs might sustain in consequence of the establishment, erection and maintenance of said railroad, and the appropriation of said strip of land 210 feet wide as right of way.    The circuit court of St. Louis county granted said petition, and thereafter on the 16th day of November, 1904, duly appointed J. S. Sidebotham, Chas. J. Harwood and Wm. W. Heaps, disinterested freeholders, to assess said damages aforesaid; that thereafter said commissioners viewed said land and returned un-

der oath their assessment to the clerk of the court, together with a description of the land for which such damages were assessed, and by which report said commissioners awarded to these plaintiffs in said cause the sum of $28,975, and said award of $28,975 so awarded by said commissioners was paid by the defendant to these plaintiffs and accepted by them.

"Therefore you are instructed by the court that plaintiffs can not recover against the defendant in this suit, and your verdict must be for the defendant, unless you find and believe from the greater weight of the evidence that the defendant in erecting, constructing and digging a cut on said strip of land so condemned did so in a negligent manner, and that said negligence directly contributed to the sliding and caving in of said land.

"5. The court instructs you that by the payment of the award of $28,975 in the condemnation suit against plaintiffs, evidence of which has been introduced at the trial, the defendant fully compensated plaintiffs for all lands taken by it for its use as a right of way and described in the petition in condemnation, as well as for all damages done to the remainder of said tract of land by reason of said taking and by reason of the occupation, improvement and use thereof for railroad purposes; that said damages so assessed, awarded and paid plaintiffs included full compensation to plaintiffs for all damages resulting to their remaining land along and through which said right of way extends by reason of the construction of the cut in question, the sloping of its sides and the establishing of its grades so far and to such an extent as the same was done in the usual and customary way, and with reasonable and ordinary care and skill, and if you find that said cut was so constructed, your verdict must be for the defendant even though you believe from the evidence that the slipping or caving of plaintiffs' lands

referred to in the evidence was caused by the construction of said cut.

"6. The court instructs the jury that the defendant railway company is not responsible in damages to these plaintiffs merely because of the sliding and caving in of the land in question.

"7. The court instructs the jury in this case that it was not the duty of the defendant to build a retaining wall."

And the plaintiff asked among others, the following instruction, which the court refused:

"1. The court instructs the jury that the owner of a parcel of land is entitled to the lateral support of it, and his neighbor has no right to dig away the adjacent earth so as to cause the ground to crumble.

"2. The court instructs the jury that the owner of land has the right to have his soil preserved intact as against its own weight and the effects of the elements."

Objections and exceptions were duly made and saved to all instructions given and refused.

The cause was submitted to the jury and they found for the defendant and plaintiffs duly appealed.

I. By reading the instructions given by the court, on behalf of the respondent, and those refused asked by the appellants, it will be seen that there are but two questions presented to this court for determination. One is a question of fact, and the other is a proposition of law, which will be considered in the order stated.

Attending the first: Did the respondent so negligently excavate its roadbed as to cause the banks on the sides thereof to slide and thereby destroy the lateral support which the appellants were ordinarily entitled to, and in consequence thereof cause their land to cave in?

From reading the statement of the case, it will be seen that there was ample evidence introduced by the respective parties tending to prove their theory of the

case. In fact, if we were the judges of the weight of the evidence, we would be inclined to hold that it preponderates in favor of the respondent.

That issue was fairly submitted to the jury, under proper instructions given by the court; and the jury having found against the appellants, they are bound by the verdict.

We, therefore, rule the first question against the appellants.

II. It will also be seen by reading the refused instructions asked by appellants, and those given on behalf of the respondent, that the legal proposition involved in this case is this:

In the absence of negligence, and we have held there was none in this case, is a landowner entitled to recover damages from a railroad company after condemnation proceedings are had and the damages paid, for injury sustained by reason of his land caving, in consequence of the excavation of the roadway adjacent thereto?

Counsel for appellant affirm this proposition, and respondent denies it.

The right of a railroad company to take private property for its right of way is conferred upon it by the supreme or sovereign authority of the State; and under our Constitution private property cannot be *taken or damaged* for public use without just compensation being first paid. [Sec. 21, art. 2, Bill of Rights.]

The authorities are quite uniform in holding that the damages mentioned in the Constitution are those which are incidental to, or which reasonably flow from, the construction, maintenance and operation of the road, be they past, present or future. This proposition has been so frequently and fully discussed and settled by this and other courts of the country, it would be a supererogation of labor to do more than cite a few of the cases so holding. [Watts v. Norfolk & Western Ry. Co., 23 L. R. A. 674; Clark v. Hannibal & St.

Joe R. R. Co., 36 Mo. 202; Benson v. Chicago & Alton
R. R. Co., 78 Mo. 504; Abbott v. Kansas City, St. Joe
& C. B. Ry. Co., 83 Mo. 271; Harrelson v. Kansas City
& Atlantic Ry. Co., 151 Mo. 482, subdivision 3, p. 496;
Moss v. St. Louis, Iron Mountain & Southern Ry. Co.,
85 Mo. 86; Aston v. Nolan, 63 Cal. 269; Hortsman v.
Covington & Lex. Ry. Co., 18 B. Mon. 218; Boothby v.
Androscoggin & Ken. Ry. Co., 51 Me. 318; Gates v.
Fulkerson, 129 Mo. App. 620; Jones v. St. Louis, Iron
Mountain & Southern Ry. Co., 84 Mo. 151.]

In addition we might add that, if we correctly un-
derstand the petition, it only counts on damages done
in consequence of negligence and not upon the abso-
lute right to lateral support. But be that as it may,
the damages caused by the sliding and caving of appel-
lants' property, which was purely incidental to the con-
struction of the railroad, was assessed and paid for
in the condemnation proceedings; and it would be
highly unjust to compel the company to pay that dam-
age again.

III. Counsel for appellants also complains of the
action of the trial court in the rejection of certain evi-
dence offered.

The evidence so excluded only went to the measure
of damages, if any, appellants had sustained; and if
as we have held, they are not entitled to recover under
any view of the case, then clearly, there was no rever-
sible error in the exclusion of the evidence mentioned.

We are, therefore, of the opinion that the judg-
ment should be affirmed. It is so ordered. All concur.